CITY AND COUNTY OF SAN FRANCISCO v. JONES.

(*Circuit Court, D. California.* May 5, 1884.)

1. ACTION FOR DELINQUENT TAXES—STATUTE OF LIMITATIONS—CITY AND COUNTY PART OF STATE—SECTION 345, CODE CIVIL PROC.
    In an action by a city and a county for delinquent taxes, a part of which is for the benefit of a state, the city and the county will be treated as a part of the state, as to their share, and the statute of limitations will run against the action, under section 345, Code Civil Proc.

2. DELINQUENT TAXES—ACTION FOR, BY CITY AND COUNTY—STATUTE OF LIMITATIONS BARS—SECTIONS 312, 338, 339, 343, 345, CODE CIVIL PROC.
    An action for delinquent taxes brought by a city and a county, and in part for the benefit of a state, eight years after they became delinquent, is barred by the statute of limitations, under sections 312, 338, 339, 343, and 345 of the Code of Civil Procedure.

3. ACTION TO COLLECT TAX UNNECESSARY—SECTIONS 3716, 3717, POL. CODE—STATUTE OF LIMITATIONS RUNS AGAINST DELINQUENT TAXES.
    No action is necessary to collect a valid tax, under sections 3716, 3717 of the Political Code. These sections do not take an action for delinquent taxes out of the statute of limitations.

4. LIEN FOR TAXES—WHEN BARRED—DELINQUENT TAX CASES.
    A lien for taxes is an incident to the tax, and when an action to recover the debt is barred, the lien is also barred. This applies in delinquent tax cases as well as to mortgages.

Demurrer to an Action to Collect Delinquent Taxes.

*B. C. Whitman,* for defendant.

*John P. Bell* and *Louis H. Sharp,* for plaintiff.

Before SAWYER and SABIN, JJ.

This is an action brought under the act of 1878, and supplementary act of the same year, (St. 1877–78, pp. 338, 962,) to recover city and county, and state taxes, for the fiscal year 1875–76, ending June

30, 1876, with 5 per cent. penalty, and 2 per cent. per month interest on the city and county's portion from August 2, 1875, and on the state's portion, from January 3, 1876. The complaint was filed October 5, 1883,—eight years or more after the city and county taxes became delinquent. Defendant demurs on the ground, among others, that the action is barred by the statute of limitations, and we think the objection good. The provisions of the Code of Civil Procedure relied on are as follows:

Sec. 312. "Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute."

Sec. 338. "Within three years: (1) An action upon a liability created by statute, other than a penalty or forfeiture."

Sec. 339. "Within two years: (1) An action upon a contract, obligation, or liability, not founded upon an instrument of writing."

Sec. 343. "An action for relief not hereinbefore provided for, must be commenced within four years after the cause of action shall have accrued."

Sec. 345. "The limitations prescribed in this chapter apply to actions brought in the name of the state, *or for the benefit of the state,* in the same manner as to actions by private parties."

Part of the amount claimed is for the benefit of the state, and, for the purposes of the action, the most favorable aspect of the case is that the city and county, as to its own share of the taxes sued for, must be treated as a part of the state; for if the plaintiff, with respect to its share, is to be regarded as a mere corporation, then the statute of limitations applies without reference to the provisions of section 345. The statute, then, by its express terms applies to this action. We think the three-years limitation of clause 1, § 338, applicable at least as to the tax,—the principal thing sued for,—and the incident doubtless follows the principal thing claimed. It is a liability created by statute, within the meaning of the Code. If not, then it is an "obligation or liability not founded upon an instrument in writing," and the two-years limitation applies. If neither of these provisions is applicable, then certainly the action is "for relief not hereinbefore provided for," and under this general residuary clause is barred in four years. In either event the time has run twice over. We think the three-years limitation applies, in which case the statute has run nearly three times the prescribed limitation. No decision of the courts of the state of California determining this point has been cited, and we are aware of none upon the question. The supreme court of Nevada has decided the precise point upon the statute of that state, which is entirely similar in its provisions, and the statute was held to apply, and to bar the action. *State* v. *Y. J. S. M. Co.* 14 Nev. 226.

Sections 3716 and 3717 of the Political Code are as follows:

Sec. 3716. "Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all property of the delinquent. The judgment is not satisfied

nor the lien removed until the taxes are paid, or the property sold for the payment thereof."

Sec. 3717. "Every tax due upon personal property is a lien upon the real property of the owner thereof, from and after 12 o'clock M. of the first Monday in March in each year."

Under these and other provisions of the Political Code no action is necessary to collect a valid tax. But it is claimed that these provisions take the case of an action under the statute to recover a tax out of the statute of limitations. In the case already cited the supreme court of Nevada, on a similar statute, decided otherwise, and, we think, correctly. Id. 230.

The statute of Nevada is as follows:

"Sec. 3127. Every tax levied under the provisions or authority of this act is hereby made a lien against the property assessed, and a lien shall attach upon the real property for the tax levied upon the personal property of the owner of such real estate, on all the property then in this state, and on all other property whenever it reaches the state, and shall not be satisfied or removed until all the taxes are paid, or the property has absolutely vested in a purchaser under a sale for taxes." 2 Comp. Laws Nev. 178.

The lien is but an incident to the tax—the money due—and, like the case of a mortgage, when an action to recover the debt is barred, the suit to enforce the lien is also barred. This has long been the settled doctrine in this state in relation to a mortgage. Neither the debt nor the lien is extinguished in the case of a mortgage, in any other sense than in the case of a tax, and the statutory lien incident to it. The remedy by action is barred, whatever the case may be as to other remedies. Besides, this is not a suit to enforce a lien at all. It is a statutory action, and just what the statute makes it. It says nothing about a lien, and authorizes no suit to enforce a lien. It simply authorizes the recovery of a personal judgment against the party charged with the tax, and that is all that is sought in the complaint, and all that the statute provides for. The suit is an additional statutory remedy, and the remedy is measured by the statute. All suits, whether by the state, by corporations, or natural persons, without other exceptions than those expressly made by the statute, are barred within the prescribed period. We are not only satisfied that this action is barred by the statute, but we think the policy of the statute, limiting the time within which the state can sue, a good policy. We see no good reason, at this day, and under our laws, for the levy and collection of taxes, for allowing the state to vex parties with suits for taxes after a lapse of many years, that is not equally applicable to private parties. The state has officers specially appointed to attend to these particular duties, and no others, and if they neglect their duties, the state which appoints them, if any one, should be the party to suffer. To permit the state, after a lapse of many years, to recover by suit taxes allowed to run uncollected, with *5 per cent. penalty*, and, in the language of Mr. Justice SWAYNE, the

*"most devouring rate"* of *2 per cent per month interest,* would be to inflict unendurable oppression.

The demurrer must be sustained upon this ground, and it is unnecessary to consider the other grounds relied on.   It is so ordered.