[No. D001951. Fourth Dist., Div. One. Mar. 31, 1987.]

SAN MARCOS WATER DISTRICT, Plaintiff and Respondent, v. SAN MARCOS UNIFIED SCHOOL DISTRICT, Defendant and Appellant.

COUNSEL

Lynn R. McDougal and McDougal, Meloche, Love & Eckis for Defendant and Appellant.

Vernon A. Peltzer, Jeffrey G. Scott and Smith & Peltzer for Plaintiff and Respondent.

OPINION

**WIENER, Acting P. J.**—We consider this case on remand from the Supreme Court following its decision at 42 Cal.3d 154 [228 Cal.Rptr. 47, 720 P.2d 935]. In that decision, the court held that a "capacity fee" assessed by the San Marcos Water District (Water District) against all users of it sewer system, including the San Marcos Unified School District (School District) constituted a special assessment from which governmental entities were

impliedly exempt. We are now direct ed to consider whether the School District is entitled to a refund of the capacity fees it paid to the Water District between 1971 and 1980.

We need not repeat the detailed statement of facts found in the Supreme Court opinion. For our purposes, it is sufficient to note that between October of 1971 and December of 1979, the School District paid $59,750 in capacity fees to the Water District. Beginning in March of 1981 the School District stopped paying the capacity fees. In late 1983, the two districts agreed to submit their dispute for judicial determination pursuant to the provisions of Code of Civil Procedure section 1138. An "agreed case" was filed on November 15, 1983, with the Water District nominally listed as plaintiff and the School District as defendant. The case sought resolution of the Water District's right to collect the capacity fee and the School District's right to a refund of fees already paid.

■ The Water District relies on Government Code section 54995, which provides a special statute of limitations for challenges to a local agency's fees and charges.[1] It states: "Any judicial action or proceeding to attack, review, set aside, void, or annul an ordinance, resolution, or motion levying a new fee or service charge, or modifying or amending an existing fee or service charge, duly enacted by a local agency ... shall be commenced within 120 days of the effective date of the ordinance, resolution, or motion or January 1, 1983, whichever date is later." Enacted in 1982, section 54995 represents a legislative recognition that the planning requirements of financially constrained local agencies in post-Proposition 13 California necessitate a relatively short statute of limitations so that local agencies will be promptly informed of any challenges to their ability to collect fees and spend the revenues thereby generated. This case provides an appropriate example. The fees which the School District seeks to have refunded were paid to the Water District between four and twelve years before the School District made its

---

[1]There is no merit to the School District's contention that its payment of the Water District's capacity fee was void *ab initio* as an unconstitutional gift of public funds and therefore not subject to any statute of limitations. (See Cal. Const., art. XVI, § 6.) The School District cites *Golden Gate Bridge etc. Dist.* v. *Luehring* (1970) 4 Cal.App.3d 204 [84 Cal.Rptr. 291] for the proposition that one public agency may not divert funds earmarked for a particular purpose to another public agency. That case involved an attempt by a multicounty bridge district to rebate excess toll collections to its constituent counties for general county purposes unrelated to the bridge district's functions. In contrast here, the capacity fees paid by the School District were directly related to that district's function: they were used to finance construction of capital improvements necessary to accommodate the increased sewage generated by school facilities. All other sewer users in the Water District paid capacity fees at the same rates as the School District. The fact that the Supreme Court later determined the School District was impliedly exempt from paying the fees does not convert the prior voluntary payment in exchange for value received into a "gift of public funds."

refund claim. The revenues generated by these fees have long since been expended by the Water District to pay for the cost of additional sewer treatment capacity. The Water District asserts it has no source of funds with which to pay the nearly $60,000 claimed by the School District in the event a refund were ordered.

It is true that in its opinion the Supreme Court determined that the Water District's capacity fee was a special assessment rather than a user charge. Were we to apply this conclusion in the limitations context, we would presumably be forced to look to some different statute of limitations other than Government Code section 54995.[2] Nonetheless, we believe section 54995 provides the appropriate limitations period. The Water District characterized its capacity fee as a user charge. All persons and entities subject to the fee were aware of that characterization and constructively on notice of the 120-day limitations period of section 54995. At least in the absence of an allegation that the Water District deliberately mischaracterized the fee so as to invoke a more favorable statute of limitations, we believe the limitations period must be based on the characterization of the charge proffered by the imposing entity because this is a characterization of which all persons and entities who might wish to challenge the charge are aware. Were the rule otherwise, the applicable limitations period could not be determined before the ultimate merits of the lawsuit had been resolved with the resultant fiscal uncertainty which precludes prudent planning.

The School District could have avoided any question in this case by utilizing the simple procedure of paying the fees under protest.[3] (Cf. *Roth v. City of Los Angeles* (1975) 53 Cal.App.3d 679, 684 [126 Cal.Rptr. 163].) Having failed to take any legal steps to dispute the fees, its action for a refund filed nearly four years after the last payment of capacity fees appears facially barred by section 54995's 120-day limitations period. ■ The School District relies, however, on the common law rule that statutes of limitation do not apply against the state unless the Legislature expressly makes them applicable. (See *People v. Chambers* (1951) 37 Cal.2d 552, 559 [233 P.2d 557].) Although most statutes of limitation are applicable to the state by

---

[2]Because of our conclusion that the appropriate statute of limitations must be determined by reference to some well-understood and easily identifiable criterion, we have not even considered whether some other limitations period applicable to special assessments might also bar the School District's claim.

[3]In its petition for rehearing, the School District asserts that it did pay capacity fees "under protest." The Water District's answer to the petition vigorously denies this assertion. We are unaware of anything in the agreed case statement which supports the School District's position and the District has failed to buttress its claim with with any citation to the record. (See Cal. Rules of Court, rule 15(a).)

virtue of Code of Civil Procedure section 345,[4] that section does not directly apply to Government Code section 54995. Thus, the School District reasons, its refund claim is not time-barred.

The answers to this contention are several. The simplest and most direct is that the common law rule relied on by the School District has generally been held inapplicable to local government agencies such as municipalities and school districts. This principle was applied by the Supreme Court in *City of L.A.* v. *County of L.A.* (1937) 9 Cal.2d 624 [72 P.2d 138, 113 A.L.R. 370] when it responded to an argument by the plaintiff city that Code of Civil Procedure section 345 does not apply to municipalities: "Assuming that . . . [section 345] should be so construed and that the immunity might in some instances be available to municipalities, it is well settled generally that municipalities are subject to statutes limiting the time for commencement of actions. [Citations.] In *San Francisco* v. *Jones,* 20 Fed. 188, it was pointed out that, if the municipality is to be considered apart from the state and as a mere corporation, the statute of limitations applies without reference to section 345. It has been so held in this state. [Citations.] . . . The municipality, like any other person or corporation, must act diligently to preserve and protect its rights in a court of law or equity." (*Id.* at pp. 627-628.) (See also Annot. (1938) 113 A.L.R. 376; Annot. (1935) 98 A.L.R. 1221 ["It is generally held . . . that the principles of immunity do not extend to school districts, and that the Statute of Limitations is applicable and may be pleaded as a defense to actions brought by such districts"]; 51 Am.Jur.2d, Limitation of Actions, § 421, p. 893 ["The applicable principles of the immunity of the sovereign from the application of the statute of limitations do not generally extend to school districts . . ."].)

Interestingly, the Supreme Court appeared to assume that if section 345 applied to municipalities, the statute of limitations would clearly bar the city's claim. Yet the limitations statute being asserted by the county was section 4075 of the old Political Code. By its own terms, section 345 applies only to statutes of limitation found in chapter 3, title 2, part 2 of the Code of Civil Procedure. Thus, the fact that the Supreme Court found Political Code section 4075 applicable to the city mandates our conclusion here that Government Code section 54995 applies to the School District.

The Supreme Court also articulated an alternative ground for its holding. Political Code section 4075 required that claims against the county be presented to the board of supervisors within one year of their accrual. (*City of*

---

[4]Section 345 provides in relevant part: "The limitations prescribed *in this chapter* apply to actions brought in the name of the state or county or for the benefit of the state or county, in the same manner as to actions by private parties. . . ." (Italics added.)

*L.A.* v. *County of L.A., supra,* 9 Cal.2d at p. 628.) Reasoning that the section could be viewed either as a period of limitations or as a special governmental claims statute, the court addressed the latter contention as follows: "There is likewise no merit in the contention that a municipal corporation should not be subject to the terms of the section. The legislature had the power to prescribe the time and manner of filing claims against the county and the conditions under which the county could be sued. The rule recognized and applied is that the state and it[s] political subdivisions may not be sued except as specially authorized by statute. [Citations.] The same reasoning which makes general statutes of limitation applicable to municipalities governs in determining whether they must comply with conditions upon which litigants are permitted to sue a county. The history of judicial decision in this state does not disclose a general tendency to except municipalities from such restrictions." (*Id.* at p. 629.)

In a similar way, Government Code section 54995 is perhaps best viewed as a special claims statute directed at challenges to local agency user charges. The reasons why private litigants are required to comply with this type of statute apply equally to public agencies raising such challenges. As the Supreme Court explained in *City of L.A.,* California decisions have not tended to exempt local governmental entities from these requirements. Consistent with this precedent, we hold that the School District's claim for a refund is barred by Government Code section 54995.

Each side shall bear its own costs for the appeal.

Work, J., and Butler, J., concurred.

A petition for a rehearing was denied April 29, 1987, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 1, 1987.