[No. G021735. Fourth Dist., Div. Three. May 25, 1999.]

CAPISTRANO BEACH WATER DISTRICT, Plaintiff and Respondent, v. TAJ DEVELOPMENT CORPORATION et al., Defendants and Appellants.

---

**COUNSEL**

Gary L. Gebler & Associates and Gary L. Gebler for Defendants and Appellants.

McNamara, Van Blarcom, McClendon & Leibold and Stephen M. McNamara for Plaintiff and Respondent.

## OPINION

**SILLS, P. J.**—We decide here whether a sewer connection fee or capacity charge, paid by a developer to connect its hotel to a sanitation district's sewer system, falls within the definition of a "development fee" under Government Code section 66000[1] et seq. (the Mitigation Fee Act, hereafter the Act). The Act restricts the imposition and use of development fees and provides developers a limited right of refund. (§ 66001, subd. (e).) The right to a refund was not allowed for sewer connection fees and capacity charges under the Act in place at the time of the underlying action. (Former § 54991.) Under current law, sewer connection fees and capacity charges are specifically excluded from the refund provisions of the Act. (§ 66013, subd. (h).) We conclude the fees paid by appellant were connection fees (or capacity charges) and not development fees, and so affirm the judgment.

I

Taj Development Corporation and Chandulal Patel (collectively, Taj) own and operate the Dana Point Hilton. In July of 1989, Taj requested a sewer connection permit from the Capistrano Beach Water District (District). The District issued the permit and Taj paid a fee in the amount of $393,490.48 to connect its hotel to the District's sewer system. Five years later Taj sought a refund of any unexpended portion of the sewer connection fee. The District rejected Taj's claim. In response to Taj's demand for an accounting of the fee, the District filed the underlying complaint for declaratory relief and to recover unpaid sewer service fees. Taj filed a cross-complaint to recover the sewer connection fee and to force an accounting.

Thereafter, Taj moved to summarily adjudicate one count in the District's complaint (declaratory relief) and one count in its cross-complaint (money paid) based on the District's alleged failure to comply with the provisions of several Government Code sections. Taj contended none of the fee it tendered to the District to obtain a sewer connection permit was used to pay for water and sewer lines between the District and the hotel. Taj argued it paid $750,000 in separate funds to construct the water and sewer connection line to the treatment plant, and the additional $393,490.48 fee was "governmental greed." Moreover, Taj contended the District failed to deposit those fees in a separate capital facilities account required by statute. Because of the District's alleged failure to comply with the Act's statutory scheme, Taj contended it was entitled to a refund of the fee.

The District opposed the motion, arguing Taj failed to challenge the validity of the connection fee in a timely fashion as set forth in the Act, and

---

[1]All further statutory references are to the Government Code.

failed to exhaust statutory protest remedies. The District did not argue that the Act did not apply. The court denied Taj's motion.

Next, both parties filed motions *in limine* addressing the applicability of the Act to the 1989 fee. At this juncture the District changed its position and argued the Act did not encompass Taj's fee, which the District maintained was simply a sewer connection fee and not a development fee. Consequently, the District argued, there was no right of refund. The court granted the District's motion *in limine*, concluding the Act did not apply to the fees Taj paid to the District. Judgment was entered on the complaint and cross-complaint in the District's favor, and this appeal followed.

## II

Taj contends the trial court committed reversible error in ruling the Act did not apply to the sewer connection fee. In reviewing Taj's claim, we are guided by well settled rules of statutory interpretation. One of these rules is that the interpretation and applicability of a statute is a question of law, warranting independent review. (*Usher* v. *County of Monterey* (1998) 65 Cal.App.4th 210, 216 [76 Cal.Rptr.2d 274].) Another fundamental rule of statutory construction is that where the statute is clear, the "plain meaning" rule applies. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) With these rules in mind, we turn to the merits of the appeal.

There were two relevant statutory schemes in effect at the time Taj paid its fee, only one of which can be controlling. The first was the Act. Chapter 5 of the Act, codified as sections 66000 through 66008, sets forth rules governing the imposition of fees for development projects by local agencies. Under the statutory scheme, a development project is a "project undertaken for the purpose of development [and] includes a project involving the issuance of a permit for construction or reconstruction, but not a permit to operate." (§ 66000, subd. (a).) A fee is a "monetary exaction other than a tax or special assessment" that is charged by a local agency "in connection with *approval of a development project* for the purpose of defraying all or a portion of the cost of public facilities related to the development project[.]" (§ 66000, subd. (b), italics added.)

Section 66005 limits the imposition of fees "*as a condition of approval of a proposed development . . . or development project*" to the estimated reasonable cost of providing the service. (§ 66005, subd. (a), italics added.) And, section 66006 requires local agencies to keep an accounting of required fees paid "*in connection with the approval of a development project.*" (§ 66006, subd. (a), italics added.)

The only remedy set forth in the Act provides for a refund under section 66001, which governs the imposition of fees as "*a condition of approval of a development project* by a local agency." (§ 66001, subd. (a).) Subdivision (e) of that section allows a refund of "the unexpended portion of the fee" under certain prescribed conditions. (§ 66001, subds. (a), (e).)

The second relevant statutory scheme in effect was former section 54991 (now § 66013) which governed "Local Agency Service Fees and Charges." In 1989, section 54991 provided: "Notwithstanding any other provision of law, when a local agency imposes fees for water connections or sewer connections, or imposes capacity charges, those fees or charges shall not exceed the estimated reasonable cost of providing the service for which the fee or charge is imposed . . . . [¶] . . . [¶] . . . 'Sewer connection' means the connection of a building to a public sewer system. [¶] . . . [¶] . . . 'Capacity charges' means charges for facilities in existence at the time the charge is imposed or charges for new facilities to be constructed in the future which are of benefit to the person or property being charged." (Former § 54991, subds. (a), (b)(1) & (3).)

This section did not authorize a refund for connection fees. Instead, it provided for a reduction of future connection fees if earlier fees created "revenues in excess of actual cost." (Former § 54992, subd. (a).) In 1990, section 54991 was relocated to the Act and renumbered as section 66013. Other than adding a definition of "local agency" and providing a method for challenging fees, the Legislature kept the wording from section 54991 virtually intact. (§ 66013.) Section 54992 was moved to section 66016, also virtually intact. A refund remedy was not included in the statute. (§ 66016.)

Section 66013 was amended in 1998 and made prospectively effective as to fees and charges collected on or after January 1, 1999. (Stats. 1998, ch. 644, § 1.) While it was specifically intended not "to affect the outcome of any case that may be pending before a court on January 1, 1999, including . . . *Capistrano Beach Water District* v. *TAJ,*" the legislative history and discussion surrounding the amendment is nonetheless instructive. (Stats. 1998, ch. 644, § 2, italics added.)

Senate Bill No. 1760 (1997-1998 Reg. Sess.) was sponsored by the California Building Industry Association in response to this litigation. As initially introduced, the purpose of the bill was to amend both sections 66006 and 66013 to require that water and sewer connection fees and capacity charges be subject to the same requirements as fees charged "in connection with the approval of a development project by a local agency."

The bill's authors sought to expand the obligation of local agencies "with respect to the expenditure and refund of fees and charges for water and sewer connections." (Sen. Bill No. 1760 (1997-1998 Reg. Sess.).)

The bill was amended in the Assembly, however, to *delete* any reference to section 66006. Also deleted was the language requiring water and sewer fees to be treated similarly to development fees. (Assem. Amend. to Sen. Bill No. 1760 (1997-1998 Reg. Sess.) July 9, 1998.) In its analysis of the bill, the Assembly Committee on Local Government noted, "[b]uilders, such as the plaintiff in TAJ, want connection fees and capacity charges to be used for their intended purposes or else refunded. This bill requires only that capacity charges be accounted for. It does not increase any restrictions regarding the imposition, use, or reporting of a connection fee, the type of fee at issue in TAJ. This bill contains no provisions for the refund of either connection fees or capacity charges." (See Assem. Local Gov. Com., Rep. on Sen. Bill No. 1760 (1997-1998 Reg. Sess.) p. 3.)

The bill returned to the Senate for further review and amendment. The Senate did not reinsert the language which the Assembly struck referencing an amendment of section 66006 and treating water and sewer connection fees similarly to development fees. Senate Bill No. 1760 was ultimately enacted as chapter 644 of the Statutes of 1998. Although it provides for stricter accounting of capacity charges (but not water or sewer connection fees), it does not provide a refund remedy. (§ 66013, subds. (c), (d), (h).)

With this legislative overview in mind, we return to the facts of this appeal. Both sides to this dispute characterize the fee Taj paid in 1989 as a "sewer connection fee." Taj argues, however, the hotel was a "project" for the "purposes of development" under section 66000, subdivision (a), and the fee was charged for the purpose of defraying costs of public facilities related to the development project under section 66000, subdivision (b).

Taj's argument completely ignores the existence of former section 54991 (now § 66013) which specifically addresses the fee it paid. And Taj ignores the key language defining a "fee" subject to the refund provisions under the Act: The fee must be charged by the local agency in connection with approval of a development project. (§ 66010, subd. (b).) The District explains the fee was based on rate studies performed by the District's engineers as well as an ordinance passed by the District setting rates for residential and commercial customers. These documents clearly refer to rates for connections to the District's sewer system. No evidence in the record shows the District conditioned the approval of the hotel project on payment of the fee

or in any way imposed the fee in connection with issuing or approving a permit for development.

In interpreting a statute, a court "turns first to the words themselves, giving them their usual and ordinary import. [Citation.]". (*Oldham* v. *Kizer* (1991) 235 Cal.App.3d 1046, 1059 [1 Cal.Rptr.2d 195].) The language of the Act is clear. The repetition of the phrase "as a condition of approval of a proposed development" throughout the chapter strongly suggests the refund provisions of the Act apply only to "development fees." Taj's fee is governed by former section 54991 (now § 66013) which dealt with the rates imposed to connect the hotel to the public sewer system.

Our review of the Act and the legislative history associated with the 1998 amendment of section 66013 leads us to conclude the Legislature did *not* intend capacity charges and connection fees to be included in the refund remedy set forth in 66001. That remedy is limited to "development fees" as that term is defined in the Act. The judgment is affirmed. Respondent shall recover its costs on appeal.

Crosby, J., and Wallin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.