98 Cal.Rptr.2d 100 (2000)
82 Cal.App.4th 231
UTILITY COST MANAGEMENT, Plaintiff and Appellant,
v.
INDIAN WELLS VALLEY WATER DISTRICT, Defendant and Respondent.
No. F030932.
Court of Appeal, Fifth District.
July 18, 2000.
Review Granted October 18, 2000.
*101 Paul G. Kerkorian, San Francisco, for Plaintiff and Appellant.
Education Legal Alliance and John L. Bukey, Corona, and Richard L. Hamilton, Sacramento, as Amicus Curiae on behalf of Plaintiff and Appellant.
McMurtrey & Hartsock and Robert W. Hartsock, Bakersfield, McCormick, Barstow, Sheppard, Wayte & Carruth, James P. Wagoner, Frseno, and Christopher Lazano, for Defendant and Respondent.
Association of California Water Agencies and Logerlof, Senecal, Bradley, Gosney & Kruse and Thomas S. Bunn III, Pasadena, East Bay Municipal Utility District and Robert C. Helwick, Craig S. Spencer and Benjamin T. Reyes II, Oakland, and Fox & Sohagi and Margaret Moore Sohagi, Los Angeles, and Philip A. Seymour, Santa Barbara, as Amici Curiae on behalf of Defendant and Respondent.
Certified for Partial Publication.[*]

OPINION
MORAN, J.[**]

INTRODUCTION
Utility Cost Management (hereafter UCM or appellant) appeals from a judgment of dismissal following a demurrer that was sustained without leave to amend. The basis for the demurrer was that the statute of limitations set forth in Government Code[1] section 66022 applied to a cause of action pursuant to section 54999.4 for a refund of excessive capital facilities fee charges imposed pursuant to section 54999.3.

STATEMENT OF THE CASE
On February 10, 1997, UCM as the assignee of Kern Community College District (hereafter College) filed a complaint against Indian Wells Valley Water District (hereafter Indian Wells) in the Kern County Superior Court. On or about April 3, 1997, Indian Wells demurred to each cause of action. The trial court sustained the demurrer with leave to amend.
UCM filed its First Amended Complaint on or about June 5, 1997. Indian Wells again filed a demurrer and on August 13, 1997, the demurrer was sustained with leave to amend. Thereafter, UCM filed a motion for reconsideration of the trial court's August 13, 1997, order. The motion for reconsideration was granted.
A Second Amended Complaint was filed by UCM on or about October 17, 1997. Indian Wells demurred on or about November 21, 1997. The trial court sustained this demurrer with leave to amend by order dated December 15,1997.
The Third Amended Complaint was filed on or about December 29, 1997. Indian Wells demurred on January 30, 1998. By order dated March 2, 1998, the trial court sustained the demurrer without leave to amend. The March 2, 1998, minute order stated in relevant part:
"Sustain demurrer without leave to amend, [¶] The pivotal issue in this case is the application of the 120 day statute of limitations provided for in Government Code section 66022. If it applies to the facts as plea [sic], plaintiff concedes that he would be unable to amend to allege new or different facts to avoid its application. [¶] The Court is compelled to find Government Code section 66022 applies based on the holding in San Marcos II (190 CA 3d [Cal. App.3d] 1083 [235 Cal.Rptr. 827]). It is still good law in spite of Plaintiffs protestations to the contrary and applies to claims under Government Code sections 54999.3 and 54999.4."
*102 A judgment of dismissal was entered on April 2, 1998. Notice of entry of judgment was served on UCM on April 15, 1998. UCM filed a timely notice of appeal from the Judgment of Dismissal on May 14, 1998.

STATEMENT OF FACTS
Because it is the Third Amended Complaint (hereafter complaint) which is the subject of this appeal, we focus on the contents of that document.
From and after January 1985, Indian Wells provided water service to College and imposed charges for that service. The complaint alleged that some or all of the charges qualified as capital facilities fees. The capital facilities fees were initially imposed prior to July 21, 1986, and continued to be imposed against College after that date. The amount of fees charged were increased periodically.
UCM alleged that the amount of the capital facilities fees charged, and the periodic increases, exceeded the maximum amounts authorized by section 54999.3.[2] The complaint asserted causes of action for a refund pursuant to section 54999.4, for money had and received, restitution to avoid unjust enrichment, for imposition of a constructive trust, and to enforce an implied-in-law contract.[3]
The March 2, 1998, order granting the demurrer without leave to amend found that section 66022 was the applicable statute of limitations under the holding of San Marcos Water District v. San Marcos Unified School District (1987) 190 Cal. App.3d 1083, 235 Cal.Rptr. 827 (hereafter Saw Marcos II).
The sole issue to be determined is whether the statute of limitations set forth in section 66022 applies to actions filed pursuant to sections 54999.3 and 54999.4. Appellant UCM asserts that it does not and, therefore, the trial court's order sustaining the demurrer must be reversed. Respondent Indian Wells contends that section 66022 applies, UCM's action is time-barred, and the trial court properly sustained the demurrer. We will hold that section 66022 does not apply to actions for refunds pursuant to section 54999.4.

DISCUSSION
The parties to this appeal adopt opposite positions as to whether section 66022 applies to an action pursuant to section 54999.4 for a refund of excessive fees charged pursuant to section 54999.3. Both parties contend that the resolution of this question is dispositive, as an application of section 66022 to UCM's complaint would mean that the complaint is time barred. Although the parties and amici have filed extensive briefs addressing the application of section 66022, many of the contentions raised by Indian Wells were addressed and rejected in our N.T. Hill, Inc. v. City of Fresno (1999) 72 Cal.App.4th 977, 85 Cal. Rptr.2d 562 (hereafter N.T. Hill) decision.
We will conclude section 66022 does not apply to actions pursuant to sections 54999.3 or 54999.4.

1. The San Marcos Legislation:
Before addressing whether section 66022 is the applicable statute of limitations, it is helpful to first examine the body of legislation that was adopted which permitted a public entity to impose capital facilities fees upon another public entity.
Sections 54999 through 54999.6 are part of a statutory scheme enacted in 1988 in response to the Saw Marcos Water District *103 v. San Marcos Unified School District (1986) 42 Cal.3d 154, 228 Cal.Rptr. 47, 720 P.2d 935 (hereafter San Marcos) decision. (§ 54999.) That decision held that a fee aimed at assisting a utility district to defray costs of capital improvements is deemed a special assessment from which other public entities are exempt, absent specific legislative authorization for the imposition of such fees. (San Marcos, supra, 42 Cal.3d at p. 165, 228 Cal.Rptr. 47, 720 P.2d 935.) In response to the holding of the San Marcos case and in order to allow one public entity to impose a charge on another public entity, sections 54999 through 54999.6 were enacted and became effective on March 24, 1988. (Stats.1988, ch. 53, § 1.)
The California Supreme Court's ruling in San Marcos had the potential to undermine the fiscal stability of public utilities which had collected, and expended, funds which might have to be refunded under the holding of San Marcos. Therefore, section 54999.4 provided that any capital facilities fees paid prior to the effective date of the San Marcos Legislation, and not protested pursuant to the law then in effect, were not subject to refund. Section 54999.2 provided that public utilities could impose a new capital facilities fee, or increase an existing capital facilities fee imposed against a public agency, as provided for in section 54999.3; any fees imposed in excess of the amounts allowable under section 54999.3 were subject to refund pursuant to section 54999.4.
In its entirety, section 54999.3 provides:
"However, the imposition of a capital facilities fee on any school district, county office of education, community college district, the California State University, the University of California, or state agency shall be subject to the following:
"(a) Where necessary to defray the actual construction costs of that portion of a public utility facility actually serving a public agency, any public agency providing public utility service on or after July 21, 1986, may continue to charge any capital facilities fee which was imposed prior to that date on the public agency using the public utility service and was not protested or challenged pursuant to law prior to January 1, 1987, or increase that capital facility fee in an amount not to exceed the percentage increase in the Implicit Price Deflator for State and Local Government Purchases, as determined by the Department of Finance and any public agency shall pay any capital facilities fees authorized by this subdivision.
"(b) On or after July 21, 1986, any public agency proposing to initially impose a capital facilities fee or to increase an existing capital facilities fee in excess of the amount set forth in subdivision (a), may do so after agreement has been reached between the two agencies through negotiations entered into by both parties.
"(c) Upon request of the affected public agency or upon increase pursuant to subdivision (a), the public agency imposing or increasing the fee shall identify the amount of the capital facilities fee. The public agency imposing or increasing the capital facilities fee has the burden of producing evidence to establish that the capital facilities fee is nondiscriminatory and that the amount of the capital facilities fee does not exceed the amount necessary to provide capital facilities for which the fee is charged."
Section 54999.4 provides:
"Any capital facilities fees paid prior to the effective date of this chapter and not protested or challenged pursuant to law on or before January 1, 1987, shall not be subject to refund, except for capital facilities fees paid after July 21,1986, by a public agency subject to Section 54999.3 which are in excess of the maximum amount authorized by Section 54999.3. Agreements entered into prior to or after the effective date of this chapter for the payment of capital facilities fees or capacity charges shall be effective."
*104 In the instant case, UCM, as College's assignee, seeks a refund pursuant to section 54999.4 of charges imposed which exceed the maximum allowable under section 54999.3. The allegedly excessive charges are the result of increases imposed after July 21, 1986, which increases were not the result of an agreement between College and Indian Wells.

2. Applicability of Section 66022 to Claim for Refund of Excessive Charges:
Indian Wells and the amici supporting its position assert that this court's N.T. Hill case and a decision from the First Appellate District, Utility Cost Management v. East Bay Municipal Utility District (2000) 79 Cal.App.4th 1242, 94 Cal. Rptr.2d 777 (hereafter East Bay MUD), are dispositive. Indian Wells contends that both cases stand for the proposition that a cause of action for a refund of fees pursuant to section 54999.4 is governed by section 66022. As set forth below, we differ with the result reached in the East Bay MUD case. As for our decision in N.T. Hill, that case does not support respondent's position.
Section 66022 provides:
"(a) Any judicial action or proceeding to attack, review, set aside, void, or annul an ordinance, resolution, or motion adopting a new fee or service charge, or modifying or amending an existing fee or service charge, adopted by a local agency, as defined in Section 66000, shall be commenced within 120 days of the effective date of the ordinance, resolution, or motion.
"If an ordinance, resolution, or motion provides for an automatic adjustment in a fee or service charge, and the automatic adjustment results in an increase in the amount of a fee or service charge, any action or proceeding to attack, review, set aside, void, or annul the increase shall be commenced within 120 days of the effective date of the increase.
"(b) Any action by a local agency or interested person under this section shall be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure.
"(c) This section shall apply only to fees, capacity charges, and service charges described in and subject to Sections 66013 and 66014."
This court addressed the application of section 66022 in a slightly different factual context in N.T. Hill. In N.T. Hill we addressed section 66022 as applied to capacity charges imposed on a private developer by a public entity. (N.T. Hill, supra, 72 Cal.App.4th at p. 983, 85 Cal.Rptr.2d 562.) We concluded that section 66022 "applies when the plaintiffs goal is a judicial finding that the legislative decision adopting the charge cannot be enforced in any circumstance against any existing or future development because of some procedural or substantive illegality in the decision." (Id. at pp. 986-987, 85 Cal.Rptr.2d 562.) When the fundamental legislative decision enacting the charge is not in issue, and instead there is a "challenge to an agency's adjudicative decision to impose upon a particular development project a fee adopted by a generally applicable legislative decision," section 66022 was not the applicable statute of limitations. (Id. at p. 990, 85 Cal.Rptr.2d 562.)
Although Indian Wells claims UCM's complaint in essence is a challenge to their legislative decision, we do not agree. We do not view UCM's complaint as challenging the legislative decision to impose a charge on College, rather it challenges the adjudicative decision of the particular amount to charge College. The complaint repeatedly refers to the "excessive" amount of the fees and the "overcharges" by Indian Wells. The complaint clearly challenges the periodic increases that have been levied. Nowhere in the complaint does UCM assert that Indian Wells did not have the right legally to impose any fees on College pursuant to section 54999.3. *105 As we noted in N.T. Hill, when a developer was challenging the amount of fees imposed on a particular real property development, section 66022 was not the applicable statute of limitations. (N.T. Hill, supra, 72 Cal.App.4th at p. 992, 85 Cal. Rptr.2d 562.)
In East Bay MUD, the appellate court concluded that an action for a refund of excessive fees pursuant to section 54999.4 was subject to section 66022. We disagree with the analysis and conclusions set forth in East Bay MUD. Initially, we note that East Bay MUD failed to properly distinguish between legislative and adjudicatory acts. (East Bay MUD, supra, 79 Cal. App.4th at pp. 1250-1251, 94 Cal.Rptr.2d 777.) Our decision in N.T. Hill went to great lengths to distinguish and explain the differences between legislative and adjudicatory acts. (N.T. Hill, supra, 72 Cal. App.4th at p. 987, 85 Cal.Rptr.2d 562.) We see no reason to depart from our analysis and holding in N. T. Hill. For this reason alone we would necessarily differ with the result reached in East Bay MUD, and do not find that case to be either controlling or persuasive.
Because UCM is challenging adjudicatory acts, not legislative acts, of Indian Wells, section 66022 is not applicable.

3. Applicability of Mitigation Fee Act to Section 54999.3 Charges:
We turn now to Indian Wells's other assertions in support of the proposition that section 66022 is the applicable statute of limitations period for actions pursuant to section 54999.4. We conclude there are numerous bases upon which to hold that section 66022 is inapplicable to section 54999.4.
Although the N.T. Hill case addressed water capacity charges imposed by a city on a residential development, its analysis did not address section 54999.3 or 54999.4. The East Bay MUD case, when it concluded that section 66022 applied to section 54999.4 actions, failed to consider the legislative history and language of the statutes comprising the Mitigation Fee Act.
Section 66022 is part of the Mitigation Fee Act. The Mitigation Fee Act is comprised of Chapters 5 (commencing with section 66000), 6 (commencing with section 66010), 7 (commencing with section 66012), 8 (commencing with section 66016), and 9 (commencing with section 66020) of Title 7 of the Government Code. (§ 66000.5, N.T. Hill, supra, 72 Cal.App.4th at p. 986, 85 Cal.Rptr.2d 562.)
Section 66022 by its very language applies only to "fees, capacity charges, and service charges described in and subject to Sections 66013 and 66014." (§ 66022, subd. (c).) Section 66013 applies to certain water supply charges; section 66014 applies to certain zoning and permit fees. (N.T. Hill, supra, 72 Cal.App.4th at p. 999, 85 Cal.Rptr.2d 562.) Neither party asserts that zoning and permit fees are at issue in the instant case, therefore, we will address the parameters of section 66013.[4] At the time the complaint was filed on January 5, 1998, section 66013[5] provided:
"(a) Notwithstanding any other provision of law, when a local agency imposes fees for water connections or sewer connections, or imposes capacity charges, those fees or charges shall not exceed the estimated reasonable cost of providing the service for which the fee or charge is imposed, unless a question regarding the amount of the fee or charge imposed in excess of the estimated reasonable cost of providing the services or *106 materials is submitted to, and approved by, a popular vote of two-thirds of those electors voting on the issue.
"(b) As used in this section:
"(1) `Sewer connection' means the connection of a building to a public sewer system.
"(2) `Water connection' means the connection of a building to a public water system, as defined in subdivision (f) of Section 116275 of the Health and Safety Code.
"(3) `Capacity charges' means charges for facilities in existence at the time the charge is imposed or charges for new facilities to be constructed in the future that are of benefit to the person or property being charged.
"(4) `Local agency' means a local agency as defined in Section 66000.
"(c) Any judicial action or proceeding to attack, review, set aside, void, or annul the ordinance, resolution, or motion imposing a fee or capacity charge subject to this section shall be brought pursuant to Section 66022."
The language of section 66013, subdivision (a), states that the section applies to fees for water or sewer connections, and capacity charges. Section 66022, subdivision (a), states that it applies to fees and charges and references the definitions set forth in section 66000. Section 66000 defines "fee" as a "monetary exaction other than a tax or special assessment ... that is charged by a local agency to the applicant in connection with approval of a development project." (§ 66000, subd. (b).) Section 66010, subdivision (b) also defines "fee" as excluding special assessments. The charges imposed against College by Indian Wells neither qualify as a fee under either definition, nor are they imposed in connection with an application for a development project.
In San Marcos, the California Supreme Court held that any fees or charges assessed by a utility district against another public entity, such as College, were special assessments. (San Marcos, supra, 42 Cal.3d at p. 165, 228 Cal.Rptr. 47, 720 P.2d 935.) As special assessments, the capital facilities fees imposed against College pursuant to section 54999.3 do not fall within the definition of fees set forth in section 66000, subdivision (a), and therefore, could not fall within the parameters of sections 66013 or 66022 on this basis. (§ 66013, subd. (a); § 66022, subd. (a).) We also note that nothing in the language of section 66013 authorizes the imposition of any fees by one public agency against another public agency. The sole authority for Indian Wells to impose a charge against College derives from section 54999.3 and the statutes comprising the San Marcos Legislation.
Section 66000, subdivision (a), also states that the fee or charge must be imposed "by a local agency to the applicant in connection with approval of a development project." Development project is defined in section 66000, subdivision (a), as including projects "involving the issuance of a permit for construction or reconstruction." Section 60005 also limits the imposition of fees under the Mitigation Fee Act to fees imposed "as a condition of approval of a proposed development or ... development project." (See Capistrano Beach Water District v. Taj Development Corp. (1999) 72 Cal.App.4th 524, 527, 85 Cal.Rptr.2d 382 (hereafter Capistrano).) Section 60006 requires local agencies to keep an accounting of fees paid "in connection with the approval of a development project."
Nowhere in UCM's complaint does it assert that the charges were imposed in connection with any application for a development project. On the contrary, UCM's complaint asserts that the excessive charges were imposed to pay "the capital cost of [Indian Wells'] public utility facilities." Indian Wells refers to the charges as part of a "bi-monthly water bill." We find no indication in the record that Indian Wells ever imposed the disputed charges in connection with a development project by College, or ever asserted *107 that the charges were imposed in connection with such a project. Further, in N. T. Hill, we held that the applicable statute of limitations to challenge the imposition of adjudicatory decisions of a public entity on a private development project was section 66020, not section 66022.[6] (N.T. Hill, supra, 72 Cal.App.4th at pp. 988-989, 85 Cal.Rptr.2d 562.)
Section 66013, subdivision (b)(3) defines "capacity charges" to be charges for "facilities in existence at the time the charge is imposed or charges for new facilities to be constructed in the future that are of benefit to the person or property being charged." In section 54999.1, subdivision (b), "capacity charge" is defined as "any nondiscriminatory charge to pay the capital cost of a public utility facility." Section 54999.3, subdivision (a) expands on that definition to provide that only "that portion of a public utility facility actually serving a public agency" may be assessed against a public agency.
In addition, section 66013 provides that the charges imposed under section 66013 may not exceed "the estimated reasonable cost of providing the service." (§ 66013, subd. (a).) However, whether or not the capital facilities fees imposed by Indian Wells on College does or does not exceed the "reasonable cost of providing the service" is irrelevant. Section 54999.3 establishes a different standard for the imposition of fees. (§ 54999.3, subd. (a).) Under section 54999.3, subdivision (a), the only determination is whether or not a fee sought to be initially imposed is necessary to defray a pro-rata share of actual construction costs, or whether any increase in a fee previously imposed exceeds the percentage increase in the Implicit Price Deflator for State and Local Government Purchases.
We decline to conclude that charges imposed under section 54999.3 are "described in and subject to" section 66013 when section 66013 provides no statutory authority for the imposition of fees against a public agency; the definition of capacity charges differs somewhat in section 54999.3 and section 66013; the method of calculating the capacity charges is distinctly different in these two code sections; and fees and charges imposed by a public utility on another public entity are special assessments which are specifically excluded from the provisions of the Mitigation Fee Act. When the East Bay MUD case concluded that charges imposed pursuant to section 54999.3 fell within section 66013, that case failed to address or consider the statutory definitions of terms as used in the Mitigation Fee Act. (East Bay MUD, supra, 79 Cal.App.4th at p. 1250, 94 Cal.Rptr.2d 777.)
Lending further support to our conclusion that section 66022 does not govern actions for refunds under section 54999.4 is that the Mitigation Fee Act does not provide for a refund of capacity charges under any circumstances. The complaint seeks a refund, pursuant to section 54999.4, of excess fees charged. Yet, sections 66013 and 66022 do not provide a cause of action for refunds of any capacity charges. Neither the version of section 66013 in effect at the time of the filing of the complaint, nor the amendments enacted and effective January 1, 1999, provide for a refund of any connection fees or capacity charges. (Capistrano, supra, 72 Cal.App.4th at p. 529, 85 Cal.Rptr.2d 382; Assem. Local Gov. Com. Rep. on Sen. Bill No. 1760 (1997-1998 Reg. Sess.) p. 3.) When the Mitigation Fee Act contains no provision for a refund of capacity charges, we see no basis upon which to conclude that section 66022, which is part *108 of the Mitigation Fee Act, governs causes of action for refunds of capacity charges.
The court in East Bay MUD assumed, we believe incorrectly, that because section 54999.3, subdivision (c), provides that the public utility must identify the amount of a capital facilities fee upon request by the affected public agency, the affected agency would have sufficient time under section 66022 in which to challenge the fee. However, section 54999.3, subdivision (c), establishes no time frame by which the public utility must comply with such a request. Further, under section 54999.1, subdivision (h), the capital facilities fee is not imposed until the statement is mailed; the statement may well be mailed more than 120 days after the legislative decision to impose or increase the fee. UCM asserts that even if College were given prompt notice of a fee, considerably more than 120 days would be required to perform the audit and engineering calculations necessary to evaluate the legality of the fee. Indian Wells would have us adopt an interpretation of the statutes that could foreclose a challenge to these increases before they were ever imposed.
The first rule of statutory construction is that the plain and commonsense meaning of the statutory language controls. (Garcia v. McCutchen (1997) 16 Cal.4th 469, 476, 66 Cal.Rptr.2d 319, 940 P.2d 906.) In order to interpret sections 66013 and 66022 as including charges imposed pursuant to section 54999.3, we would have to ignore the language and plain meaning of section 66000, subdivision (a), as well as the holding of the California Supreme Court in San Marcos that such charges were not fees, but special assessments. (San Marcos, supra, 42 Cal.3d at p. 165, 228 Cal.Rptr. 47, 720 P.2d 935.) We also would have to ignore the case law interpreting the Mitigation Fee Act and the legislative history of that Act which clearly establish that no cause of action for a refund of a capacity charge is encompassed in the Mitigation Fee Act. (Capistrano 72 Cal.App.4th at p. 529, 85 Cal. Rptr.2d 382.) Finally, we would be compelled to conclude that any remedy provided for in section 54999.4 would, in many instances, be foreclosed long before the first statement of charges was ever issued. We decline to reach such a contrived result.
Instead, we prefer to follow the plain and commonsense language of the statutes and conclude that section 54999.4 and section 66022 apply to different categories of actions. (See N.T. Hill, supra, 72 Cal. App.4th at p. 988, 85 Cal.Rptr.2d 562.) Both section 54999.4 and section 66022 appear to be specialized statutes.[7] (See N.T. Hill, supra, 72 Cal.App.4th at p. 999, 85 Cal.Rptr.2d 562.) The focus of section 66022 is on the legislative act of a local agency adopting an ordinance, resolution, or motion, and a private entity's challenge to that act. (N.T. Hill, supra, 72 Cal. App.4th at p. 989, 85 Cal.Rptr.2d 562.) Section 54999.4 instead focuses on the adjudicatory act of the amount of capacity charges imposed on one public entity by another public entity. This interpretation of these statutes provides a rational basis for harmonizing the two statutes in issue by giving them mutually exclusive, independent applications. (Garcia v. McCutchen, supra, 16 Cal.4th at p. 477, 66 Cal.Rptr.2d 319, 940 P.2d 906.)
In construing statutes, we presume the Legislature has knowledge of all prior laws and enacts and amends statutes in light of those laws. (In re Marriage of Cutler (2000) 79 Cal.App.4th 460, 475, 94 Cal.Rptr.2d 156.) Had the Legislature intended for section 66013 to encompass charges imposed under section 54999.3, it could have so provided at the time of enactment or later amendment. It did not do so. Further, although section 66013, subdivision (a), includes the phrase "[n]otwithstanding any other provision of law," *109 which is language that generally signals a broad application, this principle does not apply with respect to this code section because of the limiting language in that section and related provisions of the Mitigation Fee Act. (In re Marriage of Cutler, supra, 79 Cal.App.4th at p. 475, 94 Cal. Rptr.2d 156.) Both section 66013 and other code sections comprising the Mitigation Fee Act contain statutory definitions that limit the application of these code sections.[8]

4. Former Section 54995 and San Marcos II:

Indian Wells also asserts that because section 66022 is derived from former section 54995,[9] capital utilities fees imposed under section 54999.3 are therefore subject to the limitations period set forth in section 66022. We disagree.
The trial court found, and Indian Wells contends, that San Marcos II is still good law and controlling. The San Marcos II case held former section 54995 to be the applicable statute of limitations for a school district's challenge to a water district's capacity charge. (San Marcos II, supra, 190 Cal.App.3d at p. 1088, 235 Cal. Rptr. 827.) However, at the time the San Marcos II case was decided in May 1987, neither the San Marcos Legislation, nor the Mitigation Fee Act, had been adopted. (Stats.1988, ch. 53, § 1, eff. March 24, 1988; Stats.1990, ch. 1572, § 19.)
We note that the San Marcos II case held that capacity charges were in fact special assessments. (San Marcos II, supra, 190 Cal.App.3d at p. 1086, 235 Cal. Rptr. 827.) The San Marcos II case was also addressing capacity charges that had been imposed and paid prior to July 21, 1986. (Id. at p. 1085, 235 Cal.Rptr. 827.) Under section 54999.4, such charges are not subject to a claim of refund unless they previously had been challenged under the law in effect at the time of imposition. While the result in San Marcos II would be the same if the San Marcos Legislation were applied, the rationale would differ.
At the time the special assessments at issue in San Marcos II had been imposed and paid, the applicable statute of limitations was former section 54995. Although section 66022 is derived from former section 54995, they are not identical. Former section 54995 did not contain the restrictive language set forth in section 66022, subdivision (c). That subdivision limits the application of the 120 day limitations period in section 66022 to charges imposed pursuant to sections 66013 and 66014, and section 66022 is therefore not designed to be an all-encompassing statute. (See N.T. Hill at p. 999, 85 Cal.Rptr.2d 562.) As we noted ante, capacity charges imposed against a public entity are special assessments, and special assessments are specifically excluded from the Mitigation Fee Act.
Under former section 54995, a 120-day statute of limitations existed. However, when the Legislature repealed and reenacted former section 54995 as section *110 66022, it specifically provided for a limited application of section 66022 in subdivision (c), which limitations did not appear in former section 54995. The San Marcos Legislation simply isn't provided for in the Mitigation Fee Act, and we presume the Legislature acted with full knowledge of existing laws when it excluded that body of legislation from the Mitigation Fee Act. (See In re Marriage of Cutler, supra, 79 Cal.App.4th at p. 475, 94 Cal.Rptr.2d 156.)
We also note that subsequent to the decision in San Marcos II and prior to the enactment of section 66022, the decision of Balch v. New Haven Unified School District (1990) 219 Cal.App.3d 783, 268 Cal. Rptr. 543 (hereafter Balch) was rendered. Balch held that former section 54995 applied only to fees and charges arising under former Chapter 13 of part 1 of division 2 of Title 5 of the Government Code, which encompassed former sections 54990 through 54994. (Balch, supra, 219 Cal. App.3d at p. 790, 268 Cal.Rptr. 543.) At the time Balch was issued, the San Marcos Legislation had been adopted, but was and is contained in Chapter 13.7 of part 1 of division 2 of Title 5 of the Government Code, and thus, under Balch former section 54995 was not applicable to actions pursuant to sections 54999.3 or 54999.4.
Our conclusion in this regard does not detract from our suggestion in N.T. Hill that San Marcos II supported the conclusions we reached in N.T. Hill. (N.T. Hill, supra, 72 Cal.App.4th at p. 997, 85 Cal. Rptr.2d 562.) N.T. Hill did not address special assessments imposed by one public entity against another and we noted in that opinion that some other limitations period might be applicable to special assessments. (Ibid.)
At the time sections 66013 and 66022 were enacted, sections 54999.3 and 54999.4 were in existence. Sections 54999.3 and 54999.4 became effective on March 24, 1988. (Stats.1988, ch. 53, § 1.) Sections 66013 and 66022 were enacted in 1990. (Stats.1990, ch. 1572, §§ 19 & 22.) Section 66013 was later amended effective September 29, 1996, and again effective January 1, 1999. (Stats.1996, ch. 1023, § 103; Stats. 1998, ch. 644, § 1.) Despite the fact that section 66013 was initially adopted, and also amended, after the enactment of the San Marcos Legislation, it does not once refer to that body of legislation.
Former section 54995 was adopted in 1982 (Stats.1982, ch. 289, § 5) and amended in 1988. (Stats.1988, ch. 926, § 2.) Former section 54995 set forth the time frame for commencing judicial actions or proceedings regarding ordinances, resolutions, or motions for fees or service charges. Section 66022 and related provisions were enacted in 1990 as Chapter 9 of Title 7 of the Government Code. (Stats.1990, ch. 1572, § 22.) That section 66022 is not designed to be an all-encompassing code section is evidenced not only by the restrictive language of subdivision (c) of that code section, but also by the legislative history. The statement of intent adopted by the Legislature at the time it enacted section 66022 and companion statutes states in relevant part:
"... This bill would consolidate certain ... provisions of existing law without substantive change and would make technical, clarifying, and corrective changes. [¶] ... [¶]
"This bill would state the intent of the Legislature not to alter specified provisions of law regarding liability of public entities for public utility capital facilities fees." (Legis.Counsel's Dig., Assem. Bill No. 3228, 5 Stats. 1990 (1989-1990 Reg. Sess.) Summary Dig., pp. 642-643.)
The bill enacting section 66022 then provided that numerous code sections were repealed, however, although sections appearing sequentially before and after section 54999.3 were affected, Chapter 13.7 of Title 5 of the Government Code, pertaining to the liability of public entities for public utilities capital facilities fees was specifically not affected. (Stats.1990, ch. 1572, § 29.)
We acknowledge that the express purpose behind section 66022 is to ensure that a local agency will be able to make concrete fiscal plans based upon prompt judicial review. (N.T. Hill, supra, 72 Cal. App.4th at p. 994, 85 Cal.Rptr.2d 562.) *111 However, there is no indication that the Legislature intended to prefer the public agency imposing the special assessment over the public agency responsible for payment of the special assessment. To the contrary, the language of section 54999.3 indicates that if any preference is expressed, it is in favor of the agency responsible for payment. Section 54999.3, subdivision (c), provides that the agency imposing or increasing the capital facilities fee has the burden of producing evidence to establish that the capital facilities fee is nondiscriminatory and does not exceed the formula established in that code section.

CONCLUSION
The San Marcos Legislation provides school districts with unique procedural rights not afforded in the Mitigation Fee Act. (See East Bay MUD, supra, 79 Cal. App.4th at p. 1252, 94 Cal.Rptr.2d 777.) Charges in excess of the maximum allowable under section 54999.3 may only be imposed in the context of an agreement between the public utility and the school district. (§ 54999.3, subd. (b).) Public entities, such as College, should be able to make fiscal decisions confident in the knowledge that the limits set forth in section 54999.3 will be complied with, or else the public funds improperly paid will be refunded under section 54999.4. An action for a refund of excess fees is not a validation action under section 66022. (See N.T. Hill, supra, 72 Cal.App.4th at p. 986, 85 Cal.Rptr.2d 562.)
We believe our interpretation of the Mitigation Fee Act and the San Marcos Legislation comply with the relevant principles of statutory construction, which is that we "must avoid if possible repeals by implication, give effect and significance to every word and phrase of a statute, and construe every statute in the context of the `entire scheme of law of which it is a part so that the whole may be harmonized and retain effectiveness.' [Citation.]" (N.T. Hill, supra, 72 Cal.App.4th at p. 990, 85 Cal. Rptr.2d 562.) Had the Legislature intended for actions under section 54999.4 to be subject to section 66022, or for fees imposed under section 54999.3 to fall within section 66013, that body had the ability and opportunity to so provide. Yet, in the enactment and subsequent amendments of the relevant statutes, it chose not to so provide. Under the plain language of the statutes and the principles of statutory construction, section 66022 does not apply to causes of action pursuant to section 54999.4.

DISPOSITION
The judgment is reversed and the case is remanded to the Superior Court of Kern County for further proceedings consistent with this opinion. Costs on appeal are awarded to appellant, Utility Cost Management.
WISEMAN, Acting P.J., and LEVY, J., concur.

EXHIBIT A[***]
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Exhibit A.
[**] Judge of the Tulare Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California constitution.
[1] References to code sections are to the Government Code unless otherwise specified.
[2] UCM filed the complaint as the assignee of College. As the assignee, title to College's causes of action against Indian Wells passes to UCM. UCM is therefore the real party in interest and has the right to sue in its own name. (1 Witkin, Summary of California Law (9th ed. 1987) Contracts, § 945, p. 842.)
[3] The pertinent, specific allegations of the complaint are included in the unpublished appendix to this opinion.
[4] Although UCM at one point asserts that to be subject to section 66022 the charges must fall under both section 66013 and section 66014, we implicitly rejected this interpretation in N.T Hill. (N.T. Hill, supra, 72 Cal. App.4th at p. 984 & fn. 4, 85 Cal.Rptr.2d 562.)
[5] Section 66013 was amended again in 1998, effective January 1, 1999. (Stats.1998, c. 644, § 1.)
[6] In the case of East Bay MUD, supra, 79 Cal.App.4th at page 1249, 94 Cal.Rptr.2d 777, that appellate court rejected the argument that fees and charges subject to section 66022 must have been imposed in connection with a development project. This conclusion, however, appears to be contrary to the statutory language found in the Mitigation Fee Act, as well as the holdings of Capistrano, supra, 72 Cal.App.4th 524, 85 Cal.Rptr.2d 382 and N.T. Hill, supra, 72 Cal.App.4th 977, 85 Cal. Rptr.2d 562.
[7] Were it necessary to decide the issue, we would deem the San Marcos Legislation to be the more specific of the two statutory schemes.
[8] We acknowledge that Indian Wells relies on and cites several cases which addressed the application of section 66022 to challenges to fees and charges imposed against private developers. Because the instant case addresses the imposition of a special assessment under the San Marcos Legislation, rather than the imposition of a fee under the Mitigation Fee Act, we do not find those cases either controlling or persuasive.
[9] Former section 54995 (Stats.1988. ch. 926, § 2, p. 2952) provided:

"Any judicial action or proceeding to attack, review, set aside, void, or annul an ordinance, resolution, or motion levying a new fee or service charge, or modifying or amending an existing fee or service charge, duly enacted by a local agency, as defined in Section 54994, shall be commenced within 120 days of the effective date of the ordinance, resolution, or motion.
"If an ordinance, resolution, or motion provides for an automatic adjustment in a fee or service charge, and the automatic adjustment results in an increase in the amount of a fee or service charge, any action or proceeding to attack, review, set aside, void, or annul the increase shall be commenced within 120 days of the effective date of the increase."
[***] See footnote *, ante.