[No. A087191. First Dist., Div. Five. Apr. 17, 2000.]

UTILITY COST MANAGEMENT, Plaintiff and Appellant, v.
EAST BAY MUNICIPAL UTILITY DISTRICT, Defendant and
Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to rule 976.1 of the California Rules of Court, this opinion is certified for publication with the exception of part II.B.

**COUNSEL**

Paul G. Kerkorian for Plaintiff and Appellant.

Fox & Sohagi, Margaret Moore Sohagi, Terry P. Kaufmann Macias; Robert C. Helwick; Craig S. Spencer; and Benjamin T. Reyes II for Defendant and Respondent.

Esselstein, Wright, Jones & Greenberg and William D. Esselstein for California Association of Sanitation Agencies as Amicus Curiae on behalf of Defendant and Respondent.

Louise H. Renne, City Attorney (San Francisco), Burk Delventhal and Karen Donovan, Deputy City Attorneys; Penny Nakatsu, Assistant City Attorney (Hayward); Ann Danforth, Town Attorney (Tiburon); Samuel Jackson, City Attorney (Sacramento); Michael Martello, City Attorney (Mountain View); Ronald Ball, City Attorney (Carlsbad); Charles O. Lamoree, City Attorney (Vacaville); William B. Conners, City Attorney (Monterey); and Steven F. Nord, City Attorney (Merced) for the City and County of San Francisco, the Cities of Alameda, Albany, Avalon, Camarillo, Carlsbad, Chino, Coachella, Del Ray Oaks, El Monte, Gustine, Hayward, Lafayette, Lathrop, Marina, Merced, Milpitas, Monterey, Mountain View, Piedmont, Pittsburg, Redlands, Ripon, Riverside, Sacramento, San Diego, Santa Rosa, South San Francisco, Sunnyvale, Sutter Creek, Tehachapi, Tiburon, Vacaville, Winters and the Califonia State Association of Counties as Amici Curiae on behalf of Defendant and Respondent.

McCormick, Barstow, Sheppard, Wayte & Carruth and D. Greg Durbin for Association of California Water Agencies, California Municipal Utilities

Association and Otay Water District as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

JONES, P. J.—Utility Cost Management (UCM) filed a complaint against the East Bay Municipal Utility District (EBMUD) seeking a refund of sums paid by the Berkeley Unified School District (BUSD) for certain water and wastewater fees. EBMUD filed a motion for summary judgment arguing that UCM's claim was barred, as a matter of law, by the 120-day statute of limitations contained in Government Code section 66022[1] and by the 120-day statute of limitations in Public Utilities Code section 14402. The trial court agreed and entered judgment in favor of EBMUD. UCM now appeals claiming the trial court applied the wrong statute of limitations to the suit.

In affirming the judgment we will hold that the 120-day statute of limitations set forth in Government Code section 66022 applies to an action under section 54999.4 seeking a refund of sums paid to a municipal utility for water and wastewater fees under section 54999.3.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are undisputed.

EBMUD is a municipal utility district that supplies water to over 1,200,000 customers, and wastewater service to over 600,000 customers, who live in the eastern portion of the San Francisco Bay Area. EBMUD is governed by a board of directors which sets the rates and charges that are billed to EBMUD's customers.

BUSD is a public school district that serves the residents of the City of Berkeley.

UCM is a California limited liability company. BUSD has assigned to UCM the claims that are at issue in the present action.

In October 1997, UCM filed a complaint against EBMUD seeking a refund of some of the fees BUSD had paid to EBMUD. The complaint was based on section 54999.3 which limits the amount a municipal utility can charge a school district for capital improvements the utility has constructed

---

[1]Unless otherwise indicated, all further section references will be to the Government Code.

or will construct. UCM alleged the amount BUSD had paid to EBMUD for capital improvements was greater than the amount that was permitted under section 54999.3. Accordingly, UCM asked for a refund, under section 54999.4, of the excess payments BUSD had made since 1986.

EBMUD demurred to the complaint, arguing UCM's suit was barred by the 120-day statute of limitations set forth in Government Code section 66022 and Public Utilities Code section 14402. The trial court overruled the demurrer.

Subsequently, EBMUD filed a motion for summary judgment in which it supported its statute of limitations argument more fully. EBMUD submitted a declaration which showed that it had revised its water and wastewater rates numerous times since 1986. The last of those revisions was enacted on June 10, 1997 and became effective on July 1, 1997. Based on that evidence, EBMUD argued UCM's complaint was barred by the 120-day statutes of limitation set forth in Government Code section 66022 and Public Utilities Code section 14402. The trial court agreed, granted the motion, and entered judgment in favor of EBMUD. This appeal followed.

## II. DISCUSSION

### A. *Statute of Limitations*

■■■ The primary issue in this case is whether the trial court correctly ruled that the 120-day statute of limitations set forth in section 66022 applied to this case. To understand the arguments that have been made, some background is necessary.

On July 21, 1986, our Supreme Court filed its opinion in *San Marcos Water Dist. v. San Marcos Unified School Dist.* (1986) 42 Cal.3d 154 [228 Cal.Rptr. 47, 720 P.2d 935] (*San Marcos I*) and held that a fee charged by a public water district to defray the costs of capital improvements was a special assessment from which a school district was exempt in the absence of express legislative authorization. (*Id.* at pp. 164-165.) The court reviewed various sections of California codes, found no existing legislative authorization, and therefore ruled the fee to be invalid. (*Id.* at pp. 165-167.)

The court's ruling in *San Marcos I* had the potential to undermine the fiscal stability of public utilities which had, in good faith, already collected and spent capital improvement fees which might now have to be refunded. To prevent that from occurring, and to avoid a flood of refund actions, the Legislature erected a statutory seawall of sorts, which the parties describe as

the "San Marcos Legislation." (§ 54999 et seq.) Under that legislation, capital improvement fees that had been paid without protest generally were "not . . . subject to refund . . . ." (§ 54999.4.) Furthermore, municipal utilities were authorized to "continue to charge, or . . . increase . . . existing capital facilities fee[s], or . . . impose . . . new capital facilities fee[s] . . . ." (§ 54999.2.)

The San Marcos Legislation contained various special rules that were applicable to school districts, among other public agencies. A public agency providing public utility service could continue to impose capital facilities fees which had been imposed prior to July 21, 1986 (the date *San Marcos I* was filed) only "[w]here necessary to defray the actual construction costs of that portion of a public utility facility actually serving a public agency . . . ." (§ 54999.3, subd. (a).) Such fees could be increased, but only "in an amount not to exceed the percentage increase in the Implicit Price Deflator for State and Local Government Purchases, as determined by the Department of Finance . . . ." (§ 54999.3, subd. (a).) If a public utility wanted to increase a capital facilities fee in an amount greater than that determined by the "Implicit Price Deflator," it could only do so by negotiation and agreement with the affected school district. (§ 54999.3, subd. (b).)

The San Marcos Legislation also authorized certain types of refund actions. As is pertinent here, section 54999.4 authorized school districts to seek a refund of "capital facilities fees paid after July 21, 1986 . . . which are in excess of the maximum amount authorized by Section 54999.3."

With this background, we turn to the present case.

UCM contends the trial court erred when it ruled UCM's complaint seeking a refund of the capital improvements fees BUSD had paid in excess of those permitted under section 54999.3 was governed by the statute of limitations contained in section 66022. We disagree.

Section 66022, subdivision (a) states that a 120-day statute of limitation applies to "[a]ny judicial action or proceeding to attack, review, set aside, void, or annul an ordinance, resolution, or motion adopting a new fee or service charge, or modifying or amending an existing fee or service charge, adopted by a local agency . . . ."

The potentially broad applicability of section 66022, subdivision (a) is limited by section 66022, subdivision (c), which states, "This section shall apply only to fees, capacity charges, and service charges described in and subject to Sections 66013 and 66014."

Section 66014 sets forth rules that apply when a local agency charges zoning and permit fees; no party to this appeal contends it is applicable under the facts of this dispute. We thus turn to section 66013, subdivision (a), which sets forth rules that apply when a "local agency imposes fees for water connections or sewer connections, or imposes capacity charges . . . ." The term "capacity charge" as used in section 66013, subdivision (a) is defined in section 66013, subdivision (b)(3) to mean "charge for facilities in existence at the time a charge is imposed or charges for new facilities to be constructed in the future that are of benefit to the person or property being charged."

Here, UCM's complaint sought a refund of the fees BUSD had paid "in connection with water and wastewater service" that were used "to pay the capital cost of EBMUD's public utility facilities." Further, UCM alleged "Capital Facilities Fees charged against BUSD were in excess of the amount necessary to defray the actual construction costs of . . . EBMUD's public utility facilities that were actually serving BUSD." While these allegations do not track the language of section 66013 exactly, we believe the thrust of the complaint is clear. UCM was seeking a refund of the fees BUSD had paid to fund EBMUD's construction costs for capital improvements that were needed to supply water and wastewater services to BUSD. Indeed, if nothing else, UCM was plainly seeking reimbursement of the fees BUSD had paid to EBMUD for "capacity charges" as that term is defined in section 66013, subdivision (b)(3). We conclude UCM's claims come within the scope of section 66013. Since those claims are described in and subject to section 66013, the 120-day statute of limitations set forth in section 66022 applies in this case. The trial court ruled correctly.

The result we reach is consistent with case law. In *San Marcos Water Dist. v. San Marcos Unified School Dist.* (1987) 190 Cal.App.3d 1083 [235 Cal.Rptr. 827] (*San Marcos II*), the Court of Appeal ruled that the 120-day statute of limitations set forth in the predecessor to section 66022, former section 54995,[2] applied to an action by a school district seeking a refund of fees that were charged by a public water district for capital improvements. (190 Cal.App.3d at p. 1086.) The court explained that its ruling was supported by important policy considerations. "[Former] section 54995 represents a legislative recognition that the planning requirements of financially constrained local agencies in post-Proposition 13 California necessitate a

---

[2]Former section 54995 stated that a 120-day statute of limitations applied to "[a]ny judicial action or proceeding to attack, review, set aside, void, or annul an ordinance, resolution, or motion levying a new fee or service charge, or modifying or amending an existing fee or service charge, duly enacted by a local agency . . . ." (See Stats. 1988, ch. 926, § 2, p. 2952.)

relatively short statute of limitations so that local agencies will be promptly informed of any challenges to their ability to collect fees and spend the revenues thereby generated." (*Id.* at p. 1085.)

Although *San Marcos II* has been on the books for more than a decade, the Legislature has never expressly indicated any disagreement with that decision. Indeed, about two years after *San Marcos II* was decided, the Legislature repealed the portion of former section 54995 at issue in that case and reenacted it as current section 66022, subdivision (a). (See Stats. 1990, ch. 1572, § 22, p. 7505.) Although the Legislature made some minor grammatical changes to the statute, the language the *San Marcos II* court found pivotal was adopted without change. ▮ When the Legislature readopts statutory language that has been judicially construed, "it is presumed to have been aware of such constructions and to have acquiesced in them . . . ." (*Guardianship of Stephen G.* (1995) 40 Cal.App.4th 1418, 1425 [47 Cal.Rptr.2d 409].)

▮ Given this history, we conclude the trial court correctly applied section 66022 to this case.

The arguments UCM advances do not convince us a contrary conclusion is warranted. First, UCM claims the statute of limitations contained in section 66022 does not apply because that statute only controls actions which challenge fees that are imposed in connection with a "development project" as that term is defined in section 66000. This is so, UCM argues, because sections 66000 and 66022 are both part of a group of statutes know as the Mitigation Fee Act. (§ 66000.5; see also *N.T. Hill, Inc. v. City of Fresno* (1999) 72 Cal.App.4th 977, 986 [85 Cal.Rptr.2d 562].) However actions challenging fees that are imposed in connection with a development project are governed by the statute of limitations set forth in section 66020. (See § 66020, subd. (d)(2).) Given that the statute of limitations in section 66020, expressly applies to actions challenging fees imposed in connection with a development project, we reject the argument that the statute of limitations contained in section 66022 applies to such actions simply because they are part of the same group of statutes.

▮ UCM's next argument is based on the language of section 66022, subdivision (c) that states "This section shall apply only to fees, capacity charges, and service charges described in and subject to Sections 66013 *and* 66014." (Italics added.) Noting the use of the conjunction "and," UCM contends the statute of limitations contained in section 66022 does not apply because it did not seek to recover any fees that come within the scope of section 66014.

It has long been recognized that the Legislature occasionally uses the word "and" when it means "or" and that such an error may be rectified by judicial construction. (*Friedman v. City of Beverly Hills* (1996) 47 Cal.App.4th 436, 444 [54 Cal.Rptr.2d 882]; see also *Bianco v. Ind. Acc. Com.* (1944) 24 Cal.2d 584, 587 [150 P.2d 806].) Here, section 66013 applies to fees imposed for water and wastewater services, while section 66014 describes rules that apply when a local agency charges fees for zoning changes and use permits. The two types of fees do not overlap in any meaningful way and it would be unusual for a claimant to challenge a fee which qualifies as both a section 66013 water or sewer connection fee and a section 66014 zoning and permit fee. We do not believe the Legislature would have adopted a statute with such limited applicability. A more reasonable interpretation of section 66022, subdivision (c) is that it applies to fees and charges described in and subject to section 66013 *or* 66014.

Next, UCM contends section 66022 does not apply because its complaint sought to recover fees that were paid under the authority of the San Marcos Legislation, not under section 66013. While it may be true that UCM did not seek a refund of fees that were paid under the authority of section 66013, that does not alter our analysis. The Legislature did not limit section 66022 claims to those "seeking a refund" of fees paid under 66013. Rather the section applies to fees that are "described in and subject to [section] 66013 . . . ." (§ 66022, subd. (c).) The fact that BUSD was assessed the fees in question under the authority of the San Marcos Legislation, does not alter the fact that, as we have explained above, those same fees are also described in and subject to section 66013.

UCM also contends section 66022 does not control this case because, UCM argues, section 66022 only applies to validation actions. UCM bases this argument on section 66022, subdivision (b), which states, "Any action by a local agency or interested person under this section shall be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure." According to UCM, it does not seek to invalidate any of EBMUD's rate decisions; it is simply seeking a refund of the excess fees that were paid.

Our Supreme Court faced a similar issue in *Hensler v. City of Glendale* (1994) 8 Cal.4th 1 [32 Cal.Rptr.2d 244, 876 P.2d 1043], where the issue was the validity of a zoning ordinance which prohibited construction in certain areas of the City of Glendale. In an effort to avoid the short statute of limitations applicable to actions that affect subdivisions, the plaintiff claimed he was not challenging the validity of the ordinance itself, but was

merely seeking damages for a "taking" that resulted from its enforcement. (*Id.* at pp. 24-26.) The Supreme Court rejected the plaintiff's attempt to recharacterize the nature of his claim to avoid the statute of limitations bar. "Plaintiff cannot transform the action into one which does not challenge the validity of the ordinance, regulations, and administrative actions by acquiescing in the taking, assuming the validity of those actions, and seeking only damages." (*Id.* at p. 26.) The court went on to hold that since the plaintiff's damage claim depended upon the validity of the ordinance, it was necessarily a challenge to the ordinance itself, and was therefore governed by the statute of limitations applicable to such actions. (*Id.* at pp. 24-26.)

Similarly, in *Trend Homes, Inc. v. Central Unified School Dist.* (1990) 220 Cal.App.3d 102 [269 Cal.Rptr. 349], the court held that the 120-day statute of limitations set forth in former section 54995 applied to a residential developer's action seeking a refund of fees paid pursuant to an agreement between a school district and a city, where the fees were levied incident to a building permit, in lieu of fees that otherwise would have been due under resolutions previously adopted by the local authorities. The court explained its decision as follows: "although the resolutions did not levy the fees directly, the resolutions were the source of the agreement which did. It is the validity of these resolutions that the complaint attacks. As noted by the trial court, it would be honoring form over substance to hold that section 54995 does not apply in this situation. The method of levying the fee . . . cannot logically affect the policy of providing prompt notice to financially constrained local agencies of challenges to their ability to collect fees and spend the revenues thereby generated. Therefore, section 54995 applies to appellants' causes of action." (220 Cal.App.3d at p. 110.)

We reach a similar conclusion here. While it may be true that UCM's complaint does not expressly challenge the validity of the rate decisions that were adopted by EBMUD, its claim for damages necessarily depends upon a finding that those rate decisions were invalid. Under these circumstances, we reject UCM's argument that section 66022 does not apply.

Next, UCM contends the inapplicability of section 66022 is demonstrated by the fact that section 54999.4 authorizes school districts to file refund actions for "fees paid after July 21, 1986 . . . which are in excess of the maximum amount authorized by section 54999.3." UCM notes that section 54999.4 became effective on March 24, 1988, and thus, under its terms, implicitly permitted refund actions that were as much as 20 months old. Under these circumstances, UCM argues, the Legislature could not have intended the 120-day statute of limitations contained in section 66022 to apply.

■ We are required to read statutes together and harmonize them whenever possible. (*Pacific Southwest Realty Co. v. County of Los Angeles* (1991) 1 Cal.4th 155, 167 [2 Cal.Rptr.2d 536, 820 P.2d 1046].) ■ While section 54999.4, read in conjunction with section 54999.3, does seem to allow a narrow class of litigants to file claims past the 120-day limit, we view this as an exception that was required to accommodate those claims that arose between the date on which *San Marcos I* was decided, and the date on which the San Marcos Legislation was adopted. Harmonizing sections 54999.4 and 66022, we conclude the extended time for filing a refund claim described in section 54999.4 applies only to those claims that arose between July 21, 1986, and March 24, 1988. Thereafter, all such claims are governed by section 66022.

Finally, UCM contends it would be "absurd" to conclude that section 66022 governs its claims because the 120-day time limit for filing suit under that statute begins to run from "the effective date of the ordinance, resolution, or motion" being challenged. (See § 66022, subd. (a).) Under these circumstances, UCM argues, the statute of limitations for filing a claim might begin to run before a school district even pays any fees. While this is true, we see nothing absurd about it.

The San Marcos Legislation provides school districts with unique procedural rights. Section 54999.3, subdivision (b) states that a public utility may impose a new fee or increase an old one in excess of the amount normally authorized only after "agreement has been reached between the two agencies through negotiations . . . ." Furthermore, section 54999.3, subdivision (c) states that school districts may ask a public utility about any new fees or fee increases, and places the burden on the utility to identify and justify those fees. Assuming, as we must, that public utilities will follow these commands (see Evid. Code, § 664; *Housing Authority v. Forbes* (1942) 51 Cal.App.2d 1, 9 [124 P.2d 194]), in the vast majority of cases, school districts will have ample notice of all fee increases and adequate time to challenge them.

Furthermore, as the *San Marcos II* court explained, it is critical that these types of refund actions be subject to a short statute of limitation so that local agencies can make spending decisions confident in the knowledge that they are spending funds that are, in fact, available. (*San Marcos II, supra,* 190 Cal.App.3d at p. 1085.) The 120-day statute of limitations set forth in section 66022 supports this policy even though, in the occasional case, it might

mean that the time for filing a claim may begin to run before the school district has paid the fees in question.[3]

We conclude the trial court correctly ruled the statute of limitations set forth in section 66022 applied in this case.[4]

    B.   *Propriety of the Summary Judgment Ruling**

. . . . . . . . . . . . . . . . . . . . . . . . .

III.  DISPOSITION

The judgment is affirmed.

Haning, J., and Stevens, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 26, 2000.

---

[3]UCM also contends that the legislative history of section 66022 shows that the Legislature did not intend that it apply to cases seeking a refund of sums paid under the San Marcos Legislation. However UCM's arguments on this issue are based on a letter written by an individual who worked for the University of California, to someone who apparently worked for a particular Assemblyperson. During briefing, we declined to take judicial notice of that letter because UCM failed to file its request properly, and because the letter was not subject to judicial notice. (See *McDowell v. Watson* (1997) 59 Cal.App.4th 1155, 1161, fn. 3 [69 Cal.Rptr.2d 692].) Since there is no foundation for UCM's arguments, we reject them.

[4]Having reached this conclusion, we need not determine whether the trial court correctly ruled that UCM's complaint was also barred by the 120-day statute of limitations set forth in Public Utilities Code section 14402.

*See footnote, *ante*, page 1242.