Filed 6/15/23 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JAYNIE CAMPANA et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT,<br><br>    Defendant and Respondent. | A163054<br><br>(Alameda County<br>Super. Ct. No. RG20050136)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING; NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on May 23, 2023, be modified as follows:

1. On page 4, change the first word in the third paragraph from "Plaintiff's" to "Plaintiffs'."

2. On page 11, change the first word in footnote 8 from "Although" to "While" and add a comma after the word "ordinances" so that the footnote reads:

> While the distinction is immaterial for our purposes, plaintiffs refer to tiered-rate structures adopted in "ordinances," although the rate structures they challenge were enacted in resolutions.

3. On page 16, after the paragraph ending with "adopting the taxes. (*Ibid.*)" add the following paragraph, including footnote 10, which will require renumbering the subsequent footnote:

> Plaintiffs' reliance on *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744 and *Schmidt v. Southern Cal. Rapid Transit Dist.* (1993) 14 Cal.App.4th 23 for the general proposition that filing a timely claim under the Government Claims Act "extends the time for filing

1

suit even when another statute of limitations has lapsed" is misplaced. Both cases merely hold that the Government Claims Act extends the limitations period otherwise provided for in Code of Civil Procedure section 340. (*Gatto, supra*, at pp. 755, 765; *Schmidt, supra*, at p. 30.) The decisions are consistent with Code of Civil Procedure sections 313, which provides that the "general procedure for presentation of claims as prerequisite to commencement of actions for money or damages against government entities is prescribed by the [Government Claims Act]" and 342, which provides that "[a]n action against a public entity upon a cause of action for which a claim is required to be presented in accordance with [the Government Claims Act] must be commenced within the time provided in Section 945.6 of the Government Code."[10] Code of Civil Procedure section 312 provides, however, that this framework set forth in title 2 of part 2 of the Code of Civil Procedure, including the foregoing provisions, does not apply when another statute provides otherwise: "Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, *unless where, in special cases, a different limitation is prescribed by statute*." (Code Civ. Proc., § 312, italics added.) That is because the general statutes of limitations provisions in title 2 must be read in conjunction with section 312. (*People v. Overstock.com, Inc.* (2017) 12 Cal.App.5th 1064, 1075–1076.) As Public Utilities Code section 14402, which applies "[n]otwithstanding any other provision of law," prescribes a different limitations period, the provisions of title 2 that would otherwise give way to section 14402's specific limitations period.

[10] Government Code section 945.6, subdivision (a) provides in relevant part "any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: [¶] (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail.(2) If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action."

4. On page 17, the concluding paragraph is modified as follows: (a) after the clause "assuming notice was required" add the words "and timely given"; (b) on the third line of the paragraph, between the words "did not" and

"extend" add the words "operate to"; and (c) delete the parenthetical "(which had already run by the time any government claim was presented)" so that the paragraph reads:

> Here, assuming notice was required and timely given under the Government Claims Act, compliance with any time requirements imposed by that Act did not operate to extend the statute of limitations applicable to plaintiffs' action seeking a refund of allegedly illegal fees. Because the gravamen of the complaint is a challenge to the tiered-rate structure adopted by EBMUD's 2017 and 2019 resolutions, the validation statute's shorter statute of limitations governs. Thus, we conclude that the trial court correctly sustained the demurrer.[11]

There is no change in the judgment.

The petition for rehearing is denied.

June 15, 2023                                    BROWN, P. J.

3

Trial court:                                    Alameda County Superior Court

Trial judge:                                    Honorable Winifred Smith

Counsel for plaintiffs and appellants:          BERDING & WEIL LLP
                                                Fredrick A. Hagen

                                                Paul G. Kerkorian

Counsel for defendant and appellant:            Derek McDonald
                                                Felicity Grisham

Filed 5/23/23 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JAYNIE CAMPANA et al.,<br><br>        Plaintiffs and Appellants,<br>v.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT,<br><br>        Defendant and Respondent. | A163054<br><br>(Alameda County<br>Super. Ct. No. RG20050136) |

Plaintiffs Jaynie Campana and John Evilsizor appeal a judgment entered in favor of defendant East Bay Municipal Utility District (EBMUD) on their purported class action complaint alleging that the tiered-rate water structure used by EBMUD to determine the cost of residential and commercial water service in Alameda and Contra Costa Counties violates article XIII D, section 6, subdivision (b) of the California Constitution. They contend the trial court erred in sustaining without leave to amend EBMUD's demurrer to their first amended complaint. We agree with the trial court's finding that plaintiffs' claim is barred by the applicable statute of limitations and accordingly, we shall affirm the judgment.

**Background**

Legal Background

"Proposition 218, approved by voters in 1996, is one of a series of voter initiatives restricting the ability of state and local governments to impose taxes and fees." (*Plantier v. Ramona Mun. Water Dist.* (2019) 7 Cal.5th 372,

1

380.) Among other things, Proposition 218 added article XIII D to the California Constitution, which imposes "imposes distinct procedural and substantive limitations" on a local agency's ability to extend, impose or increase "property-related fees" for services. (*Id.* at p. 381.) As relevant here, article XIII D, section 6, subdivision (b), places the following substantive limitations on property-related fees: "(1) revenues derived from the fee may not exceed the cost of providing the property-related service (*id.*, subd. (b)(1)); (2) those revenues may not be used for any purpose other than the one for which the fee was imposed (*id.*, § 6, subd. (b)(2)); [and] (3) the amount of the fee 'shall not exceed the proportional cost of the service attributable to the parcel' (*id.*, § 6, subd. (b)(3) . . .)." (*Plantier, supra,* at p. 382, italics omitted.)[1]

In *City of Palmdale v. Palmdale Water Dist.* (2011) 198 Cal.App.4th 926, 936–938, the court held that Proposition 218 requires public water agencies utilizing a tiered-rate water structure to be able to prove that charges assessed at the various tiers are proportional to the costs of providing water service to each parcel. In *Capistrano Taxpayers Assn., Inc. v. City of San Juan Capistrano* (2015) 235 Cal.App.4th 1493, 1497, the court agreed with the court in *Palmdale* and held that that Proposition 218 requires public water agencies to calculate the actual costs of providing water at various levels of usage. The court explained, "While tiered, or inclined rates that go up progressively in relation to usage are perfectly consonant with . . . section 6, subdivision (b)(3) . . . , the tiers must still correspond to the actual cost of providing service at a given level of usage." (*Id.* at pp. 1497–1498.)

---

[1] All further references to section 6 refer to article XIII D, section 6 of the California Constitution. For reader convenience, we will occasionally shorthand the subdivisions to section 6 as "section 6(b)"and "section 6(b)(3)."

2

<u>Plaintiffs' Complaint</u>

Plaintiffs' operative, first amended complaint alleges that "EBMUD is a public agency, municipal corporation, and municipal water and wastewater utility . . . [that] provides water and wastewater service to the residents of Alameda County and Contra Costa County" and that plaintiffs reside in EBMUD's service area and have paid for and received water service from EBMUD since before July 2018.

According to the complaint, EBMUD determines the cost of water service based on the volume of water used. Under "Schedule A," which applied to both plaintiffs, there are three tiers of water usage and each successive tier is charged a higher rate than the previous tier. Primarily, plaintiffs allege that this tiered water rate structure violates the requirement of section 6(b)(3) that the amount charged for water service shall not exceed the proportional cost of the service attributable to the parcel as interpreted in *City of Palmdale v. Palmdale Water Dist., supra,* 198 Cal.App.4th 926 and *Capistrano Taxpayers Assn., Inc. v. City of San Juan Capistrano, supra,* 235 Cal.App.4th 1493.[2] The complaint explains, "Under EBMUD's method of tiered-rate pricing, some parcels are charged proportionally more than other

---

[2] Plaintiffs also allege, based upon the same factual allegations, violations of sections 6(b)(1) (charges exceed cost to provide services) and 6(b)(2) (revenues used for purpose other than providing service). As the complaint sets forth no factual allegations specific to the alleged section 6(b)(2) "misuse of funds" claim, and plaintiffs failed to develop any pertinent arguments in the briefing on appeal (including any explanation for their position that an "inverse validation" is inapplicable), we find any such claim has been forfeited. (See, e.g., *Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 521 [" ' " 'When an appellant [asserts a point] but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited].' " [Citation.] "We are not bound to develop appellants' arguments for them." ' " (Fn. omitted.)].)

3

parcels for the use of water. Each parcel is charged at the basic rate for a certain baseline of water use. If the use exceeds the baseline, the water rate is increased even though the cost to provide that additional water has not increased. This results in some parcels paying a higher rate than other parcels."

On July 17, 2019, plaintiffs mailed a claim pursuant to the Government Claims Act (Gov. Code, § 810 et seq.) to EBMUD seeking a refund of water service charges collected in violation of section 6, subdivision (b) since July 17, 2018. On January 13, 2020, after the statutory time period for response had lapsed, plaintiffs filed the present action.

In May 2020, EBMUD filed a demurrer to the complaint arguing that plaintiffs' complaint was barred by the 120-day statute of limitations found in Public Utilities Code section 14402, because the complaint seeks to challenge water rates that were adopted in 2017 and 2019.[3] The court agreed and sustained the demurrer with leave to amend.

Plaintiff's first amended complaint was filed in January 2021 and EBMUD again filed a demurrer to the amended complaint on the ground that the complaint was untimely under Public Utilities Code section 14402. The court took judicial notice of resolutions showing that in July 2017, EBMUD adopted the water rates for fiscal years 2018 and 2019 and in July 2019, EBUMD adopted the water rates for fiscal years 2020 and 2021 and

---

[3] Public Utilities Code section 14402 reads: "A district or any interested person may bring an action pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure to determine the validity of district rates or charges. [¶] Notwithstanding any other provision of law, any judicial action or proceeding to attack, review, set aside, void, or annul an ordinance, resolution, or motion fixing or changing rates or charges for the commodities or service furnished by a district shall be commenced within 120 days of the effective date of the ordinance, resolution, or motion."

4

sustained the demurrer without leave to amend. Judgment was entered and plaintiffs timely filed a notice of appeal.

## Discussion

" 'This appeal follows the sustaining of a demurrer. The application of the statute of limitations on undisputed facts is a purely legal question [citation]; accordingly, we review the lower courts' rulings de novo. We must take the allegations of the operative complaint as true and consider whether the facts alleged establish [plaintiffs'] claim is barred as a matter of law.' [Citation.] . . . [¶] 'To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the "gravamen" of the cause of action.' [Citation.] ' "[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code." ' [Citation.] 'What is significant for statute of limitations purposes is the primary interest invaded by defendant's wrongful conduct.' " (*Raja Development Co., Inc. v. Napa Sanitary Dist.* (2022) 85 Cal.App.5th 85, 91–92.)

The parties dispute the gravamen of the complaint. Plaintiffs characterize their complaint seeking "a partial *refund* of *existing* water charges" assessed and collected "in excess of constitutional limits under section 6(b)." (Italics added.) Plaintiffs dispute that their complaint seeks to invalidate the water rates adopted by EBMUD and assert that "it was [EBMUD's] post-enactment conduct that rendered the otherwise valid charges non-compliant with §6(b)." Specifically, they argue that EBMUD violated the constitution by "failing to ensure the periodic charges in higher tiers do not exceed the proportional cost to each parcel." Finally, they argue that a new statute of limitations begins to run every time the unconstitutional charges are assessed and collected and that they timely

5

presented their claims within one year of the assessment and collection as required by Government Code section 911.2, subdivision (a).[4]

EBMUD contends the gravamen of the complaint is a challenge to its adoption of water rates that plaintiffs assert violate section 6(b). EBMUD disputes plaintiffs' interpretation of section 6 as authorizing a challenge to existing rates each time an assessment is made and collected. It argues that the trial court correctly rejected plaintiffs' argument that the word "existing" in the heading of section 6(b) "permits a claim against an 'existing' rate structure without regard to when it was adopted." EBMUD asserts that because plaintiffs' refund claim necessarily depends upon a finding that its rate decisions were invalid, the 120-day limitation period under Public Utilities Code section 14402 applies.

As set forth above, section 6(b) imposes substantive requirements on "existing, new or increased fees and charges" and directs that "[a] fee or charge shall not be extended, imposed, or increased by any agency unless it meets" those substantive requirements. For the purposes of this provision, " 'Extended,' when applied to an existing tax or fee or charge, means a decision by an agency to extend the stated effective period for the tax or fee or charge, including, but not limited to, amendment or removal of a sunset provision or expiration date." (Gov. Code, § 53750, subd. (e).) Similarly, "increased" when applied to a property-related fee "means a decision by an agency that . . . [¶] . . . [i]ncreases any applicable rate used to calculate the

---

[4] Government Code section 911.2, subdivision (a) reads: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action."

6

tax, assessment, fee, or charge [or] [¶] . . . [r]evises the methodology by which the tax, assessment, fee, or charge is calculated, if that revision results in an increased amount being levied on any person or parcel." (Gov. Code, § 53750, subd. (h)(1).) Notably, a fee "is not deemed to be 'increased' by an agency action that . . . [¶] . . . [i]mplements or collects a previously approved tax, fee, or charge, so long as the rate is not increased beyond the level previously approved by the agency, and the methodology previously approved by the agency is not revised so as to result in an increase in the amount being levied on any person or parcel." (Gov. Code, § 53750, subd. (h)(2).)[5] Accordingly,

[5] Although the term "existing" is not defined by statute for purposes of section 6(b), we interpret it to refer to a fee that existed either at the time the constitutional amendment became effective, or prior to some other event (e.g., the initiation of a legal challenge or extension by the local agency).

As discussed *post* at pages 9–10, similar language in section 6, subdivision (d) has been interpreted to mean fees in effect at the time the constitutional amendment became effective. (*Howard Jarvis Taxpayers Assn. v. City of Fresno* (2005) 127 Cal.App.4th 914, 924; see also *Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2001) 24 Cal. 4th 830, 843–844 [exemptions for existing development fees and all charges to provide gas and electrical service, located in article XIII D, section 1 of the California Constitution, "refers only to those existing at the time of article XIII D's enactment."].)

Section 6(b) is self-described as setting forth "requirements for existing, new or increased fees and charges," suggesting that "existing" fees are distinct from those which are entirely new or have been increased.

Either of these interpretations is preferable to plaintiffs' interpretation (that an existing fee may be challenged at any time), which would vitiate the validation statute's limitations period, entirely. (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 578 [when interpreting a statute, courts "avoid any construction that would produce absurd consequences"]; *People v. Torres* (2020) 48 Cal.App.5th 550, 557 [Statutes should be interpreted "in a manner that 'comports most closely with the apparent intent of the Legislature, to promote rather than defeat the statute's general purpose and to avoid an interpretation that would lead to absurd and unintended consequences.

each time an agency extends or increases an existing fee it must ensure the requirements of section 6(b) are met.

"[A]ny judicial action or proceeding to attack, review, set aside, void, or annul an ordinance, resolution or motion" fixing or changing rates or charges (such as a resolution setting EBMUD's water rates) is subject to the 120-day statute of limitations in Public Utilities Code section 14402. This limitations period runs from "the effective date of the ordinance, resolution, or motion" being challenged. A cause of action asserting that the implementation of a resolution is unlawful accrues, and the limitations period begins to run, on the effective date of the resolution, even if the allegedly invalid charge or assessment is imposed much later. (See *Regents of University of California v. City & County of San Francisco* (2004) 115 Cal.App.4th 1109, 1115 ["Case law is clear that the enactment of a utility rate or rate increase, and not a subsequent act which actually imposes a utility charge, triggers the 120-day statute of limitations."]; *Utility Cost Management v. East Bay Mun. Utility Dist.* (2000) 79 Cal.App.4th 1242, 1252.) There can be no dispute that the time to challenge EBMUD's adoption of water rates in 2017 and 2019 has long since passed.

Plaintiffs cannot avoid the applicable statute of limitations by characterizing their claim as merely seeking a refund of the excess fees that were paid. The operative complaint itself frames plaintiffs' claims as an attack on the resolution's "tiered-rate pricing" or "disproportionate rate structure," alleging that it is the constitutional infirmities of this structure that give rise to their partial refund claims. The claim for declaratory relief

---

[Citation.] We must not construe a statute in a manner that renders its provisions essentially nugatory or ineffective, particularly when that interpretation would frustrate the underlying legislative purpose.' "].)

8

is premised upon charges imposed "under an unconstitutional structure or method," including an "above-cost pricing scheme" that "all but assures the revenues" defendants receive are higher than those required to cover their costs of service.[6] It strains credulity to argue that these allegations do not seek to "attack, review, set aside, void, or annul" the subject resolutions. (Pub. Util. Code, § 14402.)

Even without these overt challenges to the validity of the resolutions, the inevitable *effect* of plaintiffs' allegations (if true) would be to invalidate them. This is precisely what plaintiffs' complaint seeks, "to address the constitutional violation through declaratory relief establishing that the continued imposition of water fees under the water-rate structure currently in effect is in violation of Proposition 218; [and] injunctive relief and a writ of mandate *prohibiting EBMUD from continuing to use the constitutionally defective water-rate structure*, requiring the EBMUD to modify its rates to conform to the requirements of Proposition 218. . . ." (Italics added.)

In *Utility Cost Management v. East Bay Mun. Utility Dist.*, *supra*, 79 Cal.App.4th at pages 1245 and 1247, plaintiff filed a complaint seeking a refund of certain water and wastewater fees charged by the utility district that plaintiff alleged violated a provision of the Government Code. The court held that plaintiff's complaint was barred by the 120-day statute of limitations set forth in Government Code section 66022 because the resolution setting the water and wastewater rates was adopted on June 10,

---

[6] Similarly, for class certification purposes, plaintiffs allege their claims are "typical" of the putative class because "defendants' disproportionate pricing scheme" that EBMUD adopted by resolution caused them to incur allegedly unconstitutional charges. In other words, every claimed overcharge derives from, and only from, the resolution's alleged noncompliance with section 6(b) and rests solely upon a finding that it is invalid.

9

1997, more than 120 days before the filing of the complaint in October 1997.[7] (*Id.* at pp. 1245–1246.) The court rejected the plaintiff's argument that it was "not seek[ing] to invalidate any of EBMUD's rate decisions" but was "simply seeking a refund of the excess fees that were paid." (*Id.* at p. 1250.) The court emphasized that a " '[p]laintiff cannot transform the action into one which does not challenge the validity of the ordinance, regulations, and administrative actions by acquiescing in the taking, assuming the validity of those actions, and seeking only damages.' " (*Id.* at p. 1251 [rejecting "the plaintiff's attempt to recharacterize the nature of his claim to avoid the statute of limitations bar"], quoting *Hensler v. City of Glendale* (1994) 8 Cal.4th 1.) Ultimately, the court concluded, "While it may be true that [plaintiff's] complaint does not expressly challenge the validity of the rate decisions that were adopted by EBMUD, its claim for damages necessarily depends upon a finding that those rate decisions were invalid." (*Id.* at p. 1251; see also *Coachella Valley Water Dist. v. Superior Court* (2021) 61 Cal.App.5th 755, 770 (*Coachella*) [complaint which seeks a refund of charges collected in violation of section 6(b) is "undeniably aimed at the validity of the tax and the water district's ability to impose it" and therefore subject to the

---

[7] Government Code section 66022, subdivision (a) provides in relevant part: "Any judicial action or proceeding to attack, review, set aside, void, or annul an ordinance, resolution, or motion adopting a new fee or service charge, or modifying or amending an existing fee or service charge, adopted by a local agency, as defined in Section 66000, shall be commenced within 120 days of the effective date of the ordinance, resolution, or motion." The utility district moved for summary judgment on the ground that the action was barred by both Government Code section 66022 and Public Utilities Code section 14402 but the court, finding that the Government Code provision applied, did not address the Public Utilities Code section. (*Utility Cost Management v. East Bay Mun. Utility Dist.*, *supra*, 79 Cal.App.4th at p. 1246.)

statute of limitations found in the applicable validation statute]; *Golden Gate Hill Development Co., Inc. v. County of Alameda* (2015) 242 Cal.App.4th 760, 768 [shortened statute of limitation applied to refund claim because, while not a reverse validation action, it was "*based* on the alleged illegality of the tax scheme enacted by the Measures"].) As in these cases, plaintiffs' "partial refund claim" is based on the alleged illegality of the tiered-rate fee structure previously adopted by EBMUD.

Plaintiffs' argument that success on their "partial refund claim" would not "inevitably result in invalidation of prior rate ordinances" is nonsensical.[8] They suggest that to the contrary, "the most elegant remedy would be for the trial court to order the refunds, as prayed for in complaint, on behalf of the rate payers who paid the higher rates, without invaliding the prior ordinances." However elegant, as we have explained, the proposal requires a finding that defendant's rates violate section 6(b) and effectively invalidates the subject resolutions. As there has been no such finding here (let alone a judgment, settlement, and establishment of a refund program), *Daneshmand v. City of San Juan Capistrano* (2021) 60 Cal.App.5th 923, cited by plaintiffs, is inapposite.[9]

---

[8] Although the distinction is immaterial for our purposes, plaintiffs refer to tiered-rate structures adopted in "ordinances" although the rate structures they challenge were enacted in resolutions.

[9] In *Daneshmand*, individuals sued for alleged overcharges between August 28, 2013 and June 30, 2014 (the disputed rate period) that they contended were excessive. (*Daneshmand v. City of San Juan Capistrano*, *supra*, 60 Cal.App.5th at p. 928.) However, the *Daneshmand* plaintiffs themselves had not sought or obtained any court ruling regarding the constitutionality of the tiered-rate charges at issue; that had been established in a prior case, filed by different plaintiff. (*Id.* at p. 928 & fn.1.)

Defendant had responded by enacting a new rate schedule and approving a refund program, in which any participating customer would be

11

Plaintiffs' remaining arguments fare no better. Contrary to plaintiffs' argument, section 6, subdivision (d) does not authorize a new challenge, subject to a new statute of limitations, with the assessment and collection of fees each month. The subdivision provides, "Beginning July 1, 1997, all fees or charges shall comply with this section." This provision merely required that all fees, existing at the time Proposition 218 was approved, be brought into line with the substantive requirements of section 6(b). The three-year statute of limitations under Code of Civil Procedure section 338, subdivision (a), for an action "upon a liability created by statute," has long since lapsed. (Cf. *Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 772.) And, as noted, *Daneshmand* did not have occasion to address when an inverse validation claim accrues, only follow-on claims for other relief with different statutes of limitations. (See fn. 9, *ante*.)

*Howard Jarvis Taxpayers Assn. v. City of Fresno, supra,* 127 Cal.App.4th 914 did not, as plaintiffs suggest, hold otherwise. In that case, the plaintiff challenged, as violative of section 6, a fee charged by the city "in lieu of property taxes" to recover its costs of providing water, sewer and solid waste collection services. (*Id.* at p. 919.) The court rejected the city's argument that "for Proposition 218 to apply to an existing fee, a governmental agency must take formal action to extend the fee." (*Id.* at pp. 923–924.) The court acknowledged that under section 6(b), "a city or

refunded those amounts paid above tier-1 rates during the disputed rate period, in exchange for a release of liability. (*Ibid.*) The *Daneshmand* plaintiffs merely challenged the validity of the release and the sufficiency of refund amounts for the disputed rate period, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, money had and received, and negligence. (*Id.* at p. 929.) That court's construction and application of the statute of limitations applicable to the latter two claims is inapposite, here.

agency that acts to extend, impose, or increase a fee after the effective date of Proposition 218 must comply with the requirements of subdivision (b)(1) through (5)," but noted that "section 6, subdivision (d) clearly requires, in addition, that cities and other agencies conform existing fees to the requirements of subdivision (b)(1) through (5) by the stated date of July 1, 1997." (*Id.* at p. 924.) Because the plaintiff in that case was challenging an existing fee that had not been brought into conformity with the new requirements, the challenge was authorized under section 6, subdivision (d). The statute of limitations, however, was not raised and the court did not address the timeliness of any such challenge. (See *Rosen v. State Farm General Ins. Co.* (2003) 30 Cal.4th 1070, 1076 [" 'It is a well-established rule that an opinion is only authority for those issues actually considered or decided.' "].)

Relying on *Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809 (*City of La Habra*), plaintiffs contend that the statute of limitations runs anew when, each month, EBMUD collects the allegedly illegal tax. In *City of La Habra* at pages 814–815, the plaintiffs alleged an ongoing violation of a statutory requirement that the city submit a utility tax to the voters for approval. There was no dispute that the tax was a general tax and that it had not been enacted as existing law required. The court held that "where the three-year limitations period for actions on a liability created by statute (Code Civ. Proc., § 338, subd. (a)) applies, and no other statute or constitutional rule provides differently, the validity of a tax measure may be challenged within the statutory period after any collection of the tax, regardless of whether more than three years have passed since the tax measure was adopted." (*Id.* at p. 825.) We agree with our colleagues in the Fourth Appellate District that *City of La Habra* has no application to an

13

action, like this one, to determine the validity of a water district's resolution adopting service fees. (*Coachella, supra*, 61 Cal.App.5th at p. 774.)

First, the court in *City of La Habra* expressly limited its holding, stating, "We are not concerned in this case with bond issues or other governmental actions that, by state law, are made subject to the accelerated validation procedures of Code of Civil Procedure sections 860–870.5." (*City of La Habra, supra,* 25 Cal.4th at p. 825.) EBMUD's adoption of water rates by resolution, however, is this very type of law, and subject to the validation statutes. Similarly, while the statutes at issue in *City of La Habra* imposed an ongoing obligation on the city not to collect a tax enacted without voter approval (*id.* at pp. 823–824), plaintiffs have not identified any similar, ongoing statutory obligation a utility district must fulfill after adoption of a resolution setting its service rates. As the court noted in *Coachella, supra*, 61 Cal.App.5th at page 774, water district rates are " 'subject to attack' " when enacted, " '*even if they are essentially the same as previous ones for which the statute of limitations has expired.*' " (Quoting *San Diego County Water Authority v. Metropolitan Water Dist. of Southern California* (2017) 12 Cal.App.5th 1124, 1142.) Further, unlike in *City of La Habra*, there is no concern that applying a 120-day statute of limitations to this action would allow EBMUD to "continue indefinitely to collect unauthorized taxes." (*City of La Habra,* at p. 825.) The water district cannot, as plaintiffs suggest, "violate the constitution with impunity." Although the claims in the complaint are time-barred, plaintiffs may challenge subsequent resolutions adopting the tiered-rate water structure by bringing a validation action within 120 days of the applicable resolution. (*Coachella, supra*, at p. 774.) As the trial court noted here, "EBMUD regularly reviews and then extends, imposes, or

14

increases its rates. Plaintiff may file a new[]lawsuit after EBMUD makes a decision to extend, impose, or increase its rates."

Finally, plaintiffs' reliance on *Plata v. City of San Jose* (2022) 74 Cal.App.5th 736 is misplaced. In that case, the court held that a plaintiff seeking a refund of water service fees collected in violation of section 6(b) must file a claim with the city under the Government Claims Act prior to filing a lawsuit. (*Id.* at p. 748, fn. 5.) Because the court concluded that the notice plaintiffs had filed with the city was insufficient to present their section 6(b) claim, it did not reach any issues regarding the statute of limitations. Other courts, however, have addressed this issue in similar contexts and consistently concluded that the validation act's statute of limitations applies.

In *Coachella, supra,* 61 Cal.App.5th at page 771, plaintiff argued that even if his validation claims were time-barred, his taxpayer claim under Code of Civil Procedure section 526a seeking to enjoin the district from spending the unlawfully charged fees was timely. The court acknowledged plaintiff's "hybrid or 'dual nature' lawsuit containing both a reverse validation and a taxpayer claim," but noted the long-settled rule that " '[a] validation action under Code of Civil Procedure sections 860 et seq., and a taxpayer's action under Code of Civil Procedure section 526a . . . may be brought [together] . . . *if suit is filed within the 60-day period prescribed for the validation action.*' " (*Coachella, supra,* at p. 771.) The shortened statute of limitations applies in such cases because the gravamen of the action is a challenge to the validity of the tax. (*Ibid.*)

Similarly, in *Golden Gate Hill Development Co. v. County of Alameda, supra*, 242 Cal.App.4th at pages 770–771, plaintiff argued that the shortened statute of limitations applicable to validation actions was not applicable to its

15

claim under Revenue and Taxation Code section 5096, subdivisions (b) and (c), which provide for the refund of taxes "[e]rroneously or illegally collected" or "[i]llegally assessed or levied." The court rejected this argument, explaining that even if the refund claim was timely under the Revenue and Taxation Code, the claim lacked any legal basis, because the taxes at issue were long ago deemed valid by operation of the validation statutes—thus not illegally levied and collected. (*Id.* at p. 771.) The court noted that while the statute of limitations found in the Revenue and Taxation Code applied to claims for refunds not based on the validity of the taxes themselves, it did not extend the time for presenting a refund claim which challenged the validity of the measure adopting the taxes. (*Ibid.*)

Here, assuming notice was required under the Government Claims Act, any time requirements imposed by that Act did not extend the statute of limitations applicable to plaintiffs' action seeking a refund of allegedly illegal fees. Because the gravamen of the complaint is a challenge to the tiered-rate structure adopted by EBMUD's 2017 and 2019 resolutions, the validation statute's shorter statute of limitations (which had already run by the time any government claim was presented) governs. Thus, we conclude that the trial court correctly sustained the demurrer.[10]

## Disposition

The judgment is affirmed.

---

[10] Plaintiffs do not contend the court erred by denying them leave to amend. Nor do they offer any basis on which the defect in the complaint might be cured by amendment.

16

WHITMAN, J.*

WE CONCUR:

BROWN, P. J.
STREETER, J.

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial court:                                        Alameda County Superior Court

Trial judge:                                       Honorable Winifred Smith

Counsel for plaintiffs and appellants:     BERDING & WEIL LLP
Fredrick A. Hagen

Paul G. Kerkorian

Counsel for defendant and appellant:     Derek McDonald
Felicity Grisham

18